IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FANNIE MAE,<br><br>       *Plaintiff*,<br><br>v.<br><br>KPMG LLP,<br><br>       *Defendant*. | No. 1:06-cv-02111 (RJL) |

## DEFENDANT KPMG LLP'S MOTION TO CONSOLIDATE

For the reasons set forth below, KPMG LLP moves to consolidate this action with the other proceedings in this Court arising out of Fannie Mae's accounting restatements: *In re Fannie Mae Securities Litigation*, No. 1:04cv01639. KPMG has consulted with Fannie Mae and Fannie Mae opposes this motion to consolidate.

Dated: March 2, 2007

Respectfully submitted,

/s/ Andrew S. Tulumello
F. Joseph Warin (D.C. Bar No. 235978)
Andrew S. Tulumello (D.C. Bar No. 468351)
Claudia M. Osorio (D.C. Bar No. 477594)
Melanie L. Katsur (D.C. Bar No. 484969)
Henry C. Whitaker (D.C. Bar No. 499210)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C.  20036
Telephone: (202) 955-8500
Facsimile: (202) 467-0539

*Counsel for KPMG LLP*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FANNIE MAE,<br><br>    *Plaintiff*,<br><br>v.<br><br>KPMG LLP,<br><br>    *Defendant*. | No. 1:06-cv-02111 (RJL) |

**DEFENDANT KPMG LLP'S MEMORANDUM
IN SUPPORT OF MOTION TO CONSOLIDATE**

      Defendant KPMG LLP requests this Court to consolidate this action with *In re Fannie Mae Securities Litigation* for pretrial purposes. Fannie Mae's suit against KPMG arises from the same set of facts and circumstances already at issue in the consolidated proceedings pending in this Court. It complains about the same technical accounting rules. It refers to the same reports and investigations. If allowed to proceed to discovery, it will involve the same documents (estimated to number in the millions) and the same witnesses, including numerous third-party witnesses who are not named in any litigation. Indeed, the factual and legal issues raised by Fannie Mae's suit against KPMG in many cases are ***identical*** to the factual and legal issues being addressed in the consolidated proceedings. The Court and the parties will avoid needless duplication of time, expense, and effort through consolidation.

**FACTUAL BACKGROUND**

      This action is not the first to be filed as a result of Fannie Mae's much-publicized restatement of its financial statements, and it is not the first in which both Fannie Mae and KPMG are parties. Both are parties to the consolidated class action, *In re Fannie Mae Securities Litigation*, already before this Court. At Fannie Mae's request, the panel on Multidistrict

1

Litigation has entered an order directing the transfer to this Court of several other cases arising out of the restatement:

> All actions share factual questions arising out of alleged accounting irregularities at Fannie Mae as detailed in the September 2004 Office of Federal Housing Enterprise Oversight report. Whether the actions be brought by securities holders seeking relief under the federal securities laws, shareholders suing derivatively on behalf of Fannie Mae, or participants in Fannie Mae's retirement savings plan suing for ERISA violations, all actions can be expected to focus on a significant number of common events, defendants, and/or witnesses. Centralization under Section 1407 is necessary to avoid duplicative discovery, prevent inconsistent pre-trial rulings . . . and conserve the resources of the parties, their counsel, and the judiciary.

*See* MDL Transfer Order May 17, 2005. Pursuant to that order, every other case arising out of the restatement has been transferred to this Court, including securities fraud, derivative, and ERISA actions. This Court also has consolidated the class action filed against both Fannie Mae and KPMG by Lead Plaintiffs with individual suits brought by plaintiffs who opted out of the class action (the *Franklin-Templeton* and *Evergreen* actions). *See* D.E. 21 (order of consolidation) in Case No. 04-01639 (*Franklin-Templeton* action).

Although the specific legal and damages theories may vary, each of the previously consolidated actions arises out of the same facts and circumstances that gave rise to the restatement and raises the same basic issues. Each claims that Fannie Mae's accounting practices with respect to a host of complex accounting issues—including derivatives, hedging, FAS 91 and several other accounting rules—did not comply with GAAP. Each cites the various regulatory investigations that preceded the restatement. Each claims that Fannie Mae's financial statements were therefore misleading.

On December 12, 2006, Fannie Mae filed a "malpractice" suit against KPMG in D.C. Superior Court.[1] It is an action "arising out of alleged accounting irregularities at Fannie Mae as detailed in the September 2004 Office of Federal Housing Enterprise Oversight report." Like the previously consolidated actions, this suit alleges that Fannie Mae's accounting with respect to the same host of issues was incorrect, and that KPMG caused Fannie Mae to issue materially misleading financial statements. Indeed, Fannie Mae seeks as "damages" all the costs it has incurred in regulatory investigations and in the civil litigation in this Court, as well as the entire cost of its accounting restatement.

Yet Fannie Mae has informed KPMG that this one action, along among the many that have been filed, should *not* be consolidated. KPMG therefore has filed this motion to consolidate.

## ARGUMENT

The Federal Rules of Civil Procedure grant this Court broad discretion to order cases consolidated to facilitate the "just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1. "When actions involving a common question of law or fact are pending before the court," it may "order all the actions consolidated"; and it may "make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay." Fed. R. Civ. P. 42(a). The numerous common legal and factual issues between this case and *In re Fannie Mae*

---

[1]  On the same day Fannie Mae filed its suit in D.C. Superior Court, KPMG removed the action to this Court. *See* D.E. 1 (notice of removal). Fannie Mae has filed a motion to remand (D.E. 7), which KPMG has opposed (D.E. 9). That matter is fully briefed. KPMG also recently moved to dismiss, explaining why the doctrine of contributory negligence and *in pari delicto* require dismissal of Fannie Mae's claims against KPMG. *See* D.E. 11.

3

*Securities Litigation* make consolidation of this action with those actions under Rule 42(a) both warranted and desirable.

This action, like those referenced in the MDL transfer order, "share[s] factual questions arising out of alleged accounting irregularities at Fannie Mae as detailed in the September 2004 Office of Federal Housing Enterprise Oversight report." Both Fannie Mae and the securities plaintiffs allege and will seek to prove that KPMG failed to identify alleged misapplications of GAAP in Fannie Mae's financial statements from 2001-2003. *Compare* Compl. ¶¶ 45, 65, *with* Second Am. Consol. Class Compl. ¶¶ 24, 316, *and* Second Am. *Franklin-Templeton* Compl. ¶ 746. The securities plaintiffs and the "malpractice" action also allege that, in auditing Fannie Mae, KPMG misapplied Generally Accepted Accounting Principles and Generally Accepted Auditing Standards. *Compare* Compl. ¶¶5-10, 76, 80-99, *with* Second Am. Consol. Class Compl. ¶¶ 375-80, 385-95, *and* Second Am. *Franklin-Templeton* Compl. ¶¶ 754-57, 764, 771-96. In both cases, the GAAP and GAAS rules allegedly violated are substantially, if not entirely, identical: FAS 133, FAS 91, FAS 149, FAS 140, and FAS 115, among others.

Indeed, the Fannie Mae complaint is effectively a "cut and paste" version of the Lead Plaintiffs' and Franklin-Templeton plaintiffs' complaints against KPMG. The malpractice action simply repleads allegations made by those plaintiffs, including allegations that KPMG:

- relied unduly on the *bona fides* of Fannie Mae's management. *Compare* Compl. ¶ 73, *with* Second Am. Consol. Class Compl. ¶ 376, 393-94, *and* Second Am. *Franklin-Templeton* Compl. ¶¶ 769, 784.

- failed to test and correct Fannie Mae's inadequate internal accounting controls. *Compare* Compl. ¶ 77, 98, *with* Second Am. Consol. Class Compl. ¶ 389, *and* Second Am. *Franklin-Templeton* Compl. ¶¶ 764-65, 771.

4

- failed to obtain sufficient documentation and document the basis for Fannie Mae's accounting estimates. *Compare* Compl. ¶¶ 73, 86, 88, *with* Second Am. Consol. Class. Compl. ¶¶ 379-80, 390, *and* Second Am. *Franklin-Templeton* Compl. ¶ 755.

- improperly considered audit risk and materiality. *Compare* Compl. ¶ 77, *with* Second Am. Consol. Class Compl. ¶¶ 374-79, *and* Second Am. *Franklin-Templeton* Compl. ¶¶ 752, 754-61

- failed to maintain adequate independence from Fannie Mae's management. *Compare* Compl. ¶ Second Am. Consol. Class Compl. ¶¶ 389, 399, *and* Second Am. *Franklin-Templeton* Compl. ¶¶ 771, 796-97.

Similarly, both Fannie Mae and the securities fraud plaintiffs contend that KPMG's alleged failure to uncover material errors in Fannie Mae's financial statements and internal controls caused Fannie Mae's restatement. *Compare, e.g.*, Compl. ¶ 111, *with* Second Am. Consol. Class Compl. ¶ 481, *and* Second Am. *Franklin-Templeton* Compl. ¶ 866. That issue is identical in both actions.

This action, like the others, "can be expected to focus on a significant number of common events, defendants, and/or witnesses." MDL Transfer Order May 17, 2005. Any discovery in this action will obviously be duplicative of the discovery in the consolidated action. The parties are exchanging documents, expected to number in the millions. There is no reason to do so twice. It is likely that there will be a large number of party and (even more significantly) non-party witnesses deposed, with both Fannie Mae and KPMG present at those depositions. There is no reason to have Fannie Mae and KPMG take those depositions twice.

This separate action also presents common questions of *law* with the consolidated securities actions. A central issue in Fannie Mae's "malpractice" action is the extent of ***Fannie***

5

*Mae*'s contributory fault for its restatement. As KPMG's motion to dismiss explains, Fannie Mae's own admitted contribution to its accounting problems categorically bars Fannie Mae's suit against KPMG under the doctrines of *in pari delicto* and contributory negligence. *See* D.E. 11, at 10-17. One need look no further than Fannie Mae's own allegations and other materials that this Court may properly consider on a Rule 12(b)(6) motion to discern that fault. *See* D.E. 11, at 13-21. In the event that KPMG's motion to dismiss is denied, and discovery proceeds, the issue of Fannie Mae's fault for the restatement will figure centrally in the ensuing proceedings. Because Fannie Mae, its current and former officers, directors, and members of its audit committee are all defendants in the consolidated securities actions, the issue of Fannie Mae's fault for the financial restatement is likewise central to those cases. It may well be in *Fannie Mae*'s interest to keep those issues sealed away from its "malpractice" case against KPMG, but the efficiency of dealing with these common issues in one consolidated proceeding is obvious and unavoidable.

This action even duplicates claims that will be made between these very parties in the consolidated actions. The core of Fannie Mae's "malpractice claim" against KPMG overlaps with and is largely duplicative of a contribution action that Fannie Mae could bring under the Private Securities Litigation Reform Act against KPMG in the securities fraud actions. *See* 15 U.S.C. § 78u-4(f)(8).[2] KPMG will be bringing such a claim against Fannie Mae in the securities fraud actions. KPMG also intends to file cross-claims against Fannie Mae in the securities fraud

---

[2] Section 78u-4(f)(8) of the PSLRA provides: "**Contribution:** A covered person who becomes jointly and severally liable for damages in any private action may recover contribution from any other person who, if joined in the original action, would have been liable for the same damages. A claim for contribution shall be determined based on the percentage of responsibility of the claimant and of each person against whom a claim for contribution is made."

6

action and the "opt out" action that will be virtually identical to the counter-claims KPMG also will file against Fannie Mae in this malpractice action. Indeed, Fannie Mae's malpractice action against KPMG would be a ***compulsory*** counter-claim to KPMG's cross-claims in the securities litigation. It is plainly preferable to litigate all of these claims and issues in a single consolidated proceeding rather than splitting them up into separate actions in separate courts. *See Clifford v. First Am. Corp.*, No. 95-0877, 1996 WL 707022, at \*3 (D.D.C. Nov. 26, 1996) (consolidating one lawsuit with a second lawsuit where the defendant contended that the claims in the second lawsuit "constitute[ed] compulsory counterclaims" in the first lawsuit).

To the extent that Fannie Mae's "malpractice" cause of action has different legal "elements" from the plaintiffs' claims in the securities fraud actions, the derivative actions, and the ERISA actions, that difference does not override the numerous common questions of law and fact. The *Franklin-Templeton* and *Evergreen* "opt-out" suits also raise many federal and state-law claims that differ from those asserted by the Lead Plaintiffs in the class action. Moreover, several courts—including this Court—have rejected the suggestion that plaintiffs are somehow prejudiced by consolidating separate legal claims with others that present common questions of law and fact. As this Court recognized in the derivative litigation, where "cases arise[] out of the same operative facts and raise[] similar legal issues," consolidation is appropriate. *Horn v. Raines*, 227 F.R.D. 1, 3 (D.D.C. 2005).

Even Fannie Mae has recognized that cases raising common issues of law and fact can—and should—be consolidated, even if the claims in them are in some respects different. *See* Response to Shahrokhinia's Application For Relief, *In re Fannie Mae Sec. Litig.*, No. 04-01639, at 3-4 (D.E. 72); Response To Evergreen and Franklin Templeton's Applications For Relief, *In re Fannie Mae Sec. Litig.*, No. 04-01639, at 3-4 (D.E. 117). And this Court expressly agreed with that common sense proposition when it consolidated the *Franklin-Templeton* and *Evergreen*

7

opt-out actions, despite the opt-out plaintiffs' contention that their case should proceed separately owing to the distinct claims they were asserting against KPMG and others. *See* Minute Order of May 26, 2006, *In re Fannie Mae Sec. Litig.*, No. 04-01639. At Fannie Mae's prompting, the Multidistrict Litigation Panel also transferred to this district numerous actions having diverse legal elements (securities fraud, state-law derivative claims, and ERISA claims) arising out of Fannie Mae's financial restatement.

## CONCLUSION

This case is one among many arising out of Fannie Mae's financial restatement. It involves the same parties, arises from the same facts and circumstances as the other cases, and involves many of the same claims. This Court has consolidated these cases. This one should be consolidated, too. KPMG and Fannie Mae undoubtedly will be asserting PSLRA contribution and other claims against one another in the consolidated proceedings. The Court and the parties will benefit from an efficient, consolidated case management plan that provides for the orderly and uniform disposition of all of these complex issues. KPMG's motion to consolidate should be granted. A proposed order is attached.

Dated: March 2, 2007               Respectfully submitted,

/s/ Andrew S. Tulumello
F. Joseph Warin (D.C. Bar No. 235978)
Andrew S. Tulumello (D.C. Bar No. 468351)
Claudia M. Osorio (D.C. Bar No. 477594)
Melanie L. Katsur (D.C. Bar No. 484969)
Henry C. Whitaker (D.C. Bar No. 499210)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Telephone: (202) 955-8500
Facsimile: (202) 467-0539

*Counsel for KPMG LLP*

**CERTIFICATE OF SERVICE**

      I hereby certify that I caused copies of the foregoing to be transmitted on March 2, 2007, to the following counsel registered to receive electronic service:

Jerome L. Epstein
Jenner & Block LLP
601 13th Street, N.W.
Washington, D.C. 20005
*Counsel for Fannie Mae*

                                              /s/ Henry C. Whitaker
                                              Henry C. Whitaker

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FANNIE MAE,

    *Plaintiff*,

v.

KPMG LLP,

    *Defendant*.

No. 1:06-cv-02111 (RJL)

### [PROPOSED] CONSOLIDATION ORDER

KPMG's motion to consolidate is GRANTED. This case is consolidated for pretrial purposes with *In re Fannie Mae Securities Litigation*, No. 1:04cv01639.

    Dated:

_____
Richard J. Leon, U.S. District Judge