### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FANNIE MAE, )<br>          )<br>      Plaintiff, )<br>          )<br>  v.      )<br>          )<br>KPMG LLP, )<br>          )<br>      Defendant. )<br>          ) | No. 1:06CV02111 (RJL) |

### JOINT REPORT OF FED.R.CIV.P. 26(f) CONFERENCE OF COUNSEL

Pursuant to Fed.R.Civ.P. 26(f) and Rule 16.3 of the Rules of the U.S. District Court for the District of Columbia ("Local Rules"), the parties held telephonic planning conferences on February 22, 2007 and February 27, 2007 to discuss the matters set forth in Fed.R.Civ.P. 26(f) and Local Rule 16.3.  Fannie Mae is proceeding with the Rule 26(f) process without prejudice to Fannie Mae's motion to remand this case to the Superior Court, and expressly preserves its position that this Court lacks subject matter jurisdiction over this action.  KPMG contends that jurisdiction is proper in this Court and that Fannie Mae's motion to remand should be denied.  The parties reached agreement on numerous issues but were unable to agree to dates for discovery and other deadlines.  This report first summarizes the core disputed issues – consolidation, coordination, and scheduling – and then outlines a number of issues on which the parties were able to reach agreement.

**Nature of Action, Procedural Context and Forum Issues**

On December 12, 2006 Fannie Mae filed this state-law action for breach of contract and negligence against KPMG in the Superior Court for the District of Columbia. KPMG removed the case to this Court, invoking Fannie Mae's Charter Act, and Fannie Mae filed its Motion to Remand the case to Superior Court. See Plaintiff Fannie Mae's Motion to Remand (filed Jan. 11, 2007) ("Motion to Remand"); KPMG's Opposition to Motion to Remand (filed Jan. 25, 2007); Fannie Mae's Reply in Support of Motion to Remand (filed Feb. 5, 2007). That motion is fully briefed.

**Motion to Consolidate / Coordination of Discovery**

On March 2, 2007, KPMG filed a motion to consolidate this action with *In re Fannie Mae Securities Litigation* for pretrial purposes. KPMG contends that this case should be consolidated because it contends the legal and factual issues raised in this case are substantially similar, and in many cases identical to, the legal and factual issues addressed in the consolidated *In re Fannie Mae* proceedings. Fannie Mae believes that if the case were to remain in this Court, the action should remain separate from the Securities Litigation, although discovery can be coordinated between the two cases. Fannie Mae does not believe this case should be consolidated with the Securities Litigation because this case is a stand-alone state-law action for negligence and breach of contract, is not a class action, does not arise out of the sale of securities, and does not involve the many complex securities fraud claims and multiple parties at issue in the Securities Litigation. Fannie Mae's response to KPMG's motion to consolidate is due on March 16, 2007.

**Discovery**

Fannie Mae explained to KPMG that Fannie Mae is proceeding with the Rule 26(f) conference without prejudice to Fannie Mae's motion to remand this case to the Superior Court. Fannie Mae believes that it will be productive for the parties to discuss and resolve discovery and scheduling issues at this time regardless where the case is ultimately litigated. The parties agree that discovery should move forward in this action pending resolution of the Motion to Remand.

**Scheduling**

If the case remains in this Court, Fannie Mae believes that a schedule for discovery, motions and a pre-trial conference should be established, and has proposed the following schedule to KPMG:

| Date | Event |
|---|---|
| 6/29/07: | Last Day to Serve Discovery Requests |
| 8/31/07: | Document Production Complete |
| 9/14/07: | Deadline to Amend Pleadings |
| 12/14/07: | Fact Discovery Complete |
| 2/15/08: | Expert Reports due (simultaneous) |
| 4/08/08: | Expert Rebuttal Reports (expert depositions after 2/15) |
| 5/20/08: | Complete Expert Depositions |
| 6/20/08: | Summary Judgment Motion(s) due |
| 7/30/08: | Summary Judgment Opposition(s) |
| 8/20/08: | Summary Judgment Repl(ies) |
| 10/1/08: | Pretrial Conference |

KPMG did not comment on the specific dates in the schedule proposed above because KPMG contends that there should be a single schedule that governs both this action and *In re Federal National Mortgage Association Securities, Derivative, and "ERISA" Litigation*, MDL No. 1688, and *In re Fannie Mae Securities Litigation*, No. 1:04-cv-01639 ("Securities Litigation"). Fannie Mae noted that there are no deadlines for the conclusion of fact or expert

3

discovery in the Securities Litigation, and that the malpractice case is a separate action for which deadlines should be established. KPMG contends that deadlines and a schedule should be established in the Securities Litigation and that, through pre-trial consolidation, deadlines in the Securities Litigation should be applied to the instant case.

**Other Matters**

The parties agree on the following matters:

1. Magistrate/Settlement/ADR. The case should not be assigned to a magistrate judge, settlement is not a realistic possibility, and the case would not benefit from alternative dispute resolution.

2. Initial Disclosures. The parties agree that initial disclosures will not be exchanged.

3. Discovery. Discovery can begin immediately and will not be deferred pending resolution of any pending motions. For convenience, assuming that the terms and conditions of access can be successfully negotiated, the parties will produce documents using the same protocols and web-based database currently in use in the Securities Litigation, whether this case remains in federal court or is remanded to D.C. Superior Court.

4. Protective Order. The parties intend to jointly submit a proposed protective order to the Court on or before March 15, 2007.

5. Expert Discovery. The parties agree to modify the provisions of Fed.R.Civ.P. 26(a)(2)(B) with respect to required disclosures concerning testifying experts and to limit the scope of documents concerning such experts that will be subject to discovery. With respect to any person or entity who a party will or may call as a witness at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence or Rules or similar standards governing

4

expert testimony in Superior Court (an "Expert"), the party shall produce to the opposing party only the following documents: (i) a complete statement of all opinions to be expressed by the Expert and the basis and reasons therefore (the "Expert Report"); (ii) all data and other information on which the Expert relied in forming the opinions reflected in the Expert Report (to the extent such exhibits exist at the time the Expert Report is produced); (iii) any exhibits to be used as a summary of or support for the opinions reflected in the Expert Report (to the extent such exhibits exist at the time the Expert Report is produced); (iv) a complete statement of the qualifications of the Expert, including a list of all publications authored by the Expert within the preceding ten years; (v) a complete statement of the compensation paid or to be paid to the Expert by the party sponsoring that Expert; and (vi) a listing of any other cases in litigation, or any administrative proceeding, in which the Expert has served an Expert Report, or has testified as an expert at trial or by deposition, within the preceding four years.

The parties need not produce copies of treatises or other readily accessible public source materials identified in their Experts' Reports, and, in lieu of reproducing documents previously produced in this action or used in depositions in this action, the parties may identify such documents by number, and, if applicable, by deposition witness name, date, page number and exhibit number.

Notwithstanding anything to the contrary in the Federal Rules of Civil Procedure, Superior Court Rules of Civil Procedure, or case law, no documents concerning Experts other than those described above shall be subject to discovery or the subject of deposition testimony, including but not limited to drafts of Expert Reports and documents constituting or reflecting communications between an Expert and counsel to a party.

6. <u>Other Scheduling Issues.</u>  The parties agree that trial in this action should not be bifurcated.

7. <u>Dispositive Motions.</u>  The parties disagree about whether this case can be resolved through dispositive motions.  This Court previously approved and entered a briefing schedule for the motion to dismiss.

                                      Respectfully submitted.

| /s/ Andrew S. Tulumello | /s/ Jerome L. Epstein |
|---|---|
| F. Joseph Warin (D.C. Bar No. 235978) | Jerome L. Epstein (D.C. Bar # 412824) |
| Andrew S. Tulumello (D.C. Bar No. 468351) | Ian Heath Gershengorn (D.C. Bar # 448475) |
| Claudia M. Osorio (D.C. Bar No. 477594) | JENNER & BLOCK LLP |
| Melanie L. Katsur (D.C. Bar No. 484969) | 601 13th Street, N.W. |
| Henry C. Whitaker (D.C. Bar No. 499210) | Suite 1200 |
| GIBSON, DUNN & CRUTCHER LLP | Washington, D.C.  20005 |
| 1050 Connecticut Avenue, N.W. | (202) 639-6062 (voice) |
| Washington, D.C.  20036 | (202) 639-6066 (fax) |
| Telephone: (202) 955-8500 | jepstein@jenner.com |
| Facsimile: (202) 467-0539 | |
| | Ronald L. Marmer |
| *Counsel for KPMG LLP* | C. John Koch |
| | JENNER & BLOCK LLP |
| | 330 N. Wabash Avenue |
| | Chicago, IL  60611-7603 |
| | (312) 222-9350 |
| | |
| | *Counsel for Fannie Mae* |

Dated:    March 8, 2007