IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FANNIE MAE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) NO. 1:06CV02111 (RJL) |
| | ) |
| KPMG LLP, | ) |
| | ) |
| Defendant. | ) |

**FANNIE MAE'S OPPOSITION TO KPMG'S MOTION TO CONSOLIDATE**

Fannie Mae respectfully files this opposition to KPMG's motion to consolidate. KPMG has asked this Court to consolidate for pretrial purposes this stand-alone state law negligence action filed by Fannie Mae with a host of federal securities law class actions that have been filed against Fannie Mae. KPMG's motion is premature, because the Court has not yet ruled on Fannie Mae's motion to remand this action to D.C. Superior Court. But if this Court chooses to decide KPMG's motion to consolidate now, that motion should be denied.

**INTRODUCTION AND SUMMARY OF ARGUMENT**

Although KPMG presents its motion for consolidation as a straightforward continuation of this Court's management of the litigation involving Fannie Mae, granting KPMG's motion would be in fact a substantial departure from this Court's prior practice. Contrary to the suggestion in KPMG's brief, this Court has not simply consolidated all of the cases "arising out of Fannie Mae's financial restatement." KPMG Consol. Mot. 8 (D.E. 14). Instead, this Court has carefully grouped the various actions by type of claim, consolidating securities actions with securities actions, derivative actions with derivative actions, and ERISA actions with ERISA

actions, but *not* consolidating any of those actions with each other.  That structure has served the Court well.  Without resorting to the cross-consolidation that KPMG claims is essential, this Court has kept the three groups cases moving forward and avoided the dire consequences to judicial efficiency that KPMG's motion predicts.

KPMG's motion urges the Court to abandon that approach and, for the first time, to consolidate actions that seek different relief, against different parties, invoking unrelated bodies of law.  More concretely, KPMG seeks to consolidate a state law negligence and breach-of-contract case brought *by* Fannie Mae principally to recover Fannie Mae's out-of-pocket expenses, with federal securities fraud actions brought *against* Fannie Mae by shareholders seeking to recover for the decline in the market price of Fannie Mae's shares.  *None* of the Court's consolidation orders has done anything remotely similar to what KPMG seeks here.

Indeed, KPMG's request runs directly contrary to the Stipulated Order of Consolidation that this Court adopted in the securities action.  That order makes clear that consolidation in the securities action is appropriate only for "claims on behalf of purchasers of Fannie Mae securities."[1]  To state the obvious, Fannie Mae's state law malpractice claim against its auditor is not such a claim.

As the entity involved in the greatest number of cases with the greatest number of potential deponents and the greatest number of relevant documents, Fannie Mae is acutely aware of the efficiencies to be gained through coordination of document production and other discovery across *all* of the actions in which it is involved.  But that coordination will happen, and is already happening, without any formal consolidation order from this Court.  In its Rule 26(f) conference with KPMG for this action, Fannie Mae specifically proposed, and the parties agreed to,

---

[1] *In re Fannie Mae Securities Litig.*, No. Civ. A. 04-1639 (D.D.C. Dec. 10, 2004) (04-1639 D.E. 21) ("Stipulated Consolidation Order").

coordination of document discovery – whether this case proceeds in Superior Court or in this Court, and whether or not this action is consolidated with the other Fannie Mae litigation. *See* Joint Report of Fed. R. Civ. P. 26(f) Conference of Counsel at 4 (filed Mar. 8, 2007) (D.E. 15) ("Rule 26(f) Report"). KPMG has identified no benefit from consolidation for pre-trial purposes that cannot be achieved just as well by continued coordination. And consolidation will subject Fannie Mae here to unnecessary delay as its straightforward malpractice action is bogged down with issues (such as class certification and issues relating to stock price movements) that are relevant only to the securities action. There is no need for the Court to depart from its consistent management practices here and, for the first time, consolidate actions involving different claims brought against different parties seeking different relief.

## ARGUMENT

### I. KPMG's Motion Is Premature In Light Of Fannie Mae's Pending Motion To Remand This Case To D.C. Superior Court.

Before addressing the merits of KPMG's motion, Fannie Mae respectfully submits that resolution of this motion is premature (and ultimately unnecessary) because this Court lacks subject matter jurisdiction over the entire case. As set forth in the briefing of Fannie Mae's motion to remand, Fannie Mae's Charter Act – the sole potential source of jurisdiction here – does not burden Fannie Mae uniquely by preventing it from pursuing its state law claims in state court. Because granting Fannie Mae's motion to remand will obviate the need to decide the consolidation motion, KPMG's motion to consolidate is, at a minimum, premature.

### II. Consolidation Here Would Be A Substantial And Unwarranted Departure From This Court's Prior Practice.

On the merits of consolidation, KPMG's argument fares no better. KPMG's principal argument for consolidation is built on a mistaken premise: that denial of the motion will leave Fannie Mae's auditor malpractice claim alone as the sole unconsolidated case in the mass of

3

litigation arising out of Fannie Mae's restatement. Thus KPMG asserts that "Fannie Mae has informed KPMG that this one action, alone among the many that have been filed, should not be consolidated," KPMG Consol. Mot. 3 (D.E. 14) (emphasis omitted); and it suggests that this Court has consolidated all of the "many [cases] arising out of Fannie Mae's financial restatement," *id.* at 8.

KPMG misstates the facts. There are four separate and distinct groups of actions now pending before this Court: (1) a single consolidated federal securities action; (2) a single consolidated shareholder derivative action; (3) a single consolidated ERISA class action; and (4) this single auditor malpractice action. In an effort to manage its docket, this Court issued separate consolidation orders in each of the three consolidated actions: the Court consolidated all of the derivative actions under the caption *In re Fannie Mae Derivatives Litigation*, lead docket number 04-1783; all of the ERISA actions under the caption *In re Fannie Mae ERISA Litigation*, 04-1784; and all of the securities actions under the caption *In re Fannie Mae Securities Litigation*, 04-1639. The remaining action – the instant malpractice action, *Fannie Mae v. KPMG LLP*, 06-2111 – is thus far a stand-alone action.

This Court thus has not consolidated all of the actions arising out of the Fannie Mae restatement. Instead, it has divided the actions into separate groups, consolidating only actions raising the same basic claims brought by the same types of plaintiffs seeking the same basic relief. Although discovery has been coordinated throughout, each consolidated action has proceeded with its own schedule for filing complaints, dispositive motions, responsive pleadings, oral argument, status conferences, and the like. Indeed, Fannie Mae supported entry each of the Court's consolidation orders precisely because each was limited to consolidating cases filed by

similar plaintiffs seeking similar relief. This Court's prior consolidation orders thus offer no precedent for the relief KPMG seeks here.[2]

Indeed, the Court's orders refute KPMG's argument. Thus, for example, in the securities litigation, this Court issued a Stipulated Consolidation Order providing that subsequent cases filed or transferred to this Court would be subject to consolidation, but it limited that order to actions "that involve claims on behalf of the purchasers of Fannie Mae securities." Stipulated Consolidation Order ¶ 4. Fannie Mae's malpractice action against KPMG here plainly does not meet that test.

The Stipulated Consolidation Order also makes clear that Fannie Mae's efforts to consolidate the claims of Franklin Templeton and Evergreen with the securities class action are beside the point here. *But see* KPMG Consol. Mot. 2, 7-8 (D.E. 14) (suggesting they are somehow relevant). As this Court is aware, when Franklin Templeton and Evergreen purported to "opt out" of the putative class action by filing individual securities actions against Fannie Mae, Fannie Mae and KPMG separately moved to consolidate those individual securities actions with the consolidated securities class action. But Franklin Templeton's and Evergreen's individual actions were properly consolidated into the securities class action because they *did* involve "claims on behalf of the purchasers of Fannie Mae securities" and *did* invoke the same federal securities laws (in addition to other federal and state laws) that the class plaintiffs invoked; they thus fell squarely within the terms of the Stipulated Consolidation Order. The contrast between the individual securities actions and the auditor malpractice suit KPMG seeks to consolidate here could hardly be more stark.

---

[2] Contrary to KPMG's argument, *see* KPMG Consol. Mot. 1-2 (D.E. 14), the mere fact that some of these actions have come to this Court as a result of "centraliz[ation]" in MDL proceedings does not, *ipso facto*, require consolidation of all actions currently pending before this Court, as this Court's refusal thus far to order such consolidation demonstrates.

5

KPMG next trumpets the supposed similarity between the audit malpractice action and the securities litigation. But there is substantial overlap between the securities actions, the shareholder derivative actions, and the ERISA actions, and the Court has not seen fit to consolidate them. More to the point, although there is some factual overlap between this malpractice action and the consolidated securities litigation, KPMG vastly overstates the similarity and ignores the many important differences. KPMG thus claims that Fannie Mae's complaint here is just a "cut and paste" version of the securities complaints against KPMG. KPMG Consol. Mot. 4 (D.E. 14). But that is not the case. The central allegations in the malpractice complaint are that KPMG breached its contractual obligations to Fannie Mae, negligently planned and performed audits and other accounting services for Fannie Mae, and breached its duty of care by approving Fannie Mae's accounting and repeatedly providing clean audit opinions and incorrect assurances to Fannie Mae's Audit Committee.

The consolidated securities action and this malpractice action are thus quite distinct. Plaintiffs in the securities actions are principally a putative class of purchasers of Fannie Mae's stock; here the plaintiff is Fannie Mae itself. The governing body of law in the securities action is federal securities law incorporating a fraud standard; here, the governing law is the state law of professional malpractice that incorporates a negligence and breach of contract analysis. Damages in the securities action are at most the decline in the market value of Fannie Mae's stock that the putative class can prove was caused by securities fraud; here, the damages are principally the cost of the restatement and other out-of-pocket expenses, and the extent of and reason for the decline in the price of Fannie Mae shares are irrelevant.

KPMG also seeks to justify consolidation by observing that it "will be bringing" cross-claims against Fannie Mae in the securities fraud action, and by asserting that Fannie Mae's

malpractice action would be a compulsory counterclaim to KPMG's hypothetical, future cross-claims. KPMG Consol. Mot. 6-7 (D.E. 14). KPMG cites no authority, however, for the novel proposition that a suit must be consolidated with a second case, involving different legal issues, simply because cross-claims in the second case *may be filed in the future*. The one case that KPMG does cite addresses consolidation where the first set of claims were compulsory counterclaims to others that *had already been filed. See Clifford v. First Am. Corp.*, No. Civ. A. 95-0877, 1996 WL 707022, at *1-*3 (D.D.C. Nov. 26, 1996). Nor does KPMG even explain why Fannie Mae's earlier filed malpractice action would be a compulsory counterclaim to any cross-claim that KPMG might someday file. On the contrary, the rules deeming certain counterclaims compulsory contain an express exception for claims that are already "the subject of another pending action," as Fannie Mae's malpractice claims are. Fed. R. Civ. P. 13(a).[3]

Similarly off target is KPMG's argument that consolidation is appropriate because Fannie Mae's malpractice claim "is largely duplicative of a contribution action that Fannie Mae *could bring* . . . against KPMG in the securities fraud actions." KPMG Consol. Mot. 6 (emphasis added). Fannie Mae *has not* brought a contribution claim against KPMG – and, in any event, this action is not "largely duplicative of" any such potential claim. A contribution claim would necessarily seek to recover the damages that the securities fraud plaintiffs are seeking, *i.e.*, the decline in the value of Fannie Mae's stock proven to be caused by fraud. *See* 15 U.S.C. § 78u-4(f)(8). In this action, as noted, Fannie Mae's damages are unrelated to the value of the stock.

---

[3] Moreover, it is far from clear that a cross-claim filed by KPMG in the securities fraud action would trigger the compulsory counterclaim rules at all. *See, e.g.*, *Paramount Aviation Corp. v. Gruppo Agusta*, 178 F.3d 132, 146 n.11 (3d Cir. 1999) (cross-claims for contribution or indemnity do not trigger counterclaim rule); *cf. Hall v. Gen. Motors Corp.*, 647 F.2d 175, 184 & n.38 (D.C. Cir. 1980) (R.B. Ginsburg, J.) (noting cases holding the same).

In the end, then, KPMG is left to invoke the benefits to be gained from coordinated discovery. But as this Court has recognized in keeping the shareholder derivative action, the ERISA action, and the securities action separate from each other, it is not necessary to consolidate cases in order to coordinate discovery. Fannie Mae's interest in coordination of discovery across all of the actions is undeniable. Dozens of current and former Fannie Mae employees are likely to be deposed, and millions of pages of Fannie Mae documents have been produced in response to hundreds of document requests. For that reason, Fannie Mae has coordinated and will continue to coordinate discovery for all of the actions. *See* Rule 26(f) Report at 4 (D.E. 15) (noting that, assuming that the terms and conditions of access can be successfully negotiated, "parties will produce documents using the same protocols and web-based database currently in use in the Securities Litigation, whether this case remains in federal court or is remanded to D.C. Superior Court"). But that discovery coordination has happened thus far *without* consolidation. KPMG has not identified a single benefit of consolidation that cannot be achieved equally well through continued coordinated discovery.[4]

In contrast, granting KPMG's consolidation motion will deprive the Court and the parties of the significant benefits to be gained from permitting this case to proceed on a coordinated, but separate track. Already, free of the unique constraints of the securities fraud action, KPMG and

---

[4] KPMG proceeds as if consolidation of securities fraud actions and negligence actions is the usual course. But that is not the case. Indeed, if Fannie Mae were any other corporation, even KPMG would concede that Fannie Mae's action would not be removable and it would have proceeded in state court without being consolidated into any pending federal securities actions. There is thus nothing unusual about the course of action Fannie Mae seeks here. Of course, if this Court grants Fannie Mae's motion to remand and returns this case to D.C. Superior Court where it belongs, the parties will continue to coordinate discovery, as the parties' Rule 26(f) Report indicates. *See* Rule 26(f) Report at 4 (D.E. 15) (describing coordinated document production "whether this case remains in federal court or is remanded to D.C. Superior Court"); *see also Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 371 (5th Cir. 1995) (noting that state and federal courts are capable of coordinating discovery with each other).

Fannie Mae have agreed on a schedule for briefing KPMG's motion to dismiss, resolved a number of significant pre-trial issues in connection with the submission of their Rule 26(f) Report, and fully briefed a motion to remand. Rule 26(f) Report at 2, 4-6 (D.E. 15). In addition, Fannie Mae has proposed a realistic case schedule that will allow the parties to coordinate document and deposition discovery with all of the other actions, while moving this case efficiently to trial. *Id.* at 3. Although KPMG would prefer that Fannie Mae's straightforward malpractice case be buried under the complexities of the consolidated securities action, there is no reason to delay the malpractice case pending resolution of class certification issues and extensive fact discovery on issues such as the market's understanding of Fannie Mae's financial reporting, factors that analysts considered when rating Fannie Mae's stock, the myriad reasons that stock prices change, investors' reliance on various statements, and the lack of scienter, all of which are irrelevant to this malpractice case.

## CONCLUSION

KPMG's Motion to Consolidate for pretrial purposes this action with the securities fraud actions should be denied.

Respectfully submitted.

/s/

JENNER & BLOCK LLP

Jerome L. Epstein (DC Bar #412824)
Ian Heath Gershengorn (DC Bar #448475)
Jenner & Block LLP
601 13th Street, N.W.
Suite 1200
Washington, D.C. 20005
202-639-6062 (voice)
202-639-6066 (fax)
jepstein@jenner.com

Ronald L. Marmer
C. John Koch
Jenner & Block LLP
330 N. Wabash Ave.
Chicago, IL  60611-7603
312-222-9350