**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| IN RE FANNIE MAE SECURITIES LITIGATION | No. 1:04CV01639 (RJL) |
| FRANKLIN MANAGED TRUST *et al.*, <br><br>         *Plaintiffs*, <br><br>    v. <br><br> FEDERAL NATIONAL MORTGAGE ASSOCIATION *et al.*, <br><br>         *Defendants*. | No. 1:06CV00139 (RJL) |
| FANNIE MAE, <br><br>         *Plaintiff*, <br><br> v. <br><br> KPMG LLP, <br><br>         *Defendant*. | No. 1:06CV02111 (RJL) |

**FANNIE MAE'S MOTION FOR AN ORDER TO SHOW CAUSE**
**CONCERNING KPMG'S VIOLATION OF DISCOVERY DEADLINES,**
**AND REQUEST FOR EXPEDITED BRIEFING**

For the reasons set forth in the attached memorandum, Fannie Mae requests that the

Court enter an Order to Show Cause and granting the following relief concerning KPMG's

violation of discovery deadlines:

1. An order requiring KPMG to explain why it produced more than 90% of its

documents more than one month past the document production deadline.

2.  An order requiring KPMG to respond to this Motion by January 28, 2008 in order to avoid further production delays, and setting a hearing, if needed, as soon as possible after January 28, 2008.

3.  An order requiring KPMG to complete its production in response to Fannie Mae's First Request for Production no later than February 1, 2008.

4.  An order allowing Fannie Mae to serve additional document requests within 15 business days of receiving KPMG's final production in response to Fannie Mae's First Request for Production, and requiring KPMG to complete its production in response to such requests within 45 days of service; and

5.  An order requiring KPMG to pay the costs of this motion.

Fannie Mae has consulted KPMG concerning this motion, and KPMG has stated that it will oppose the motion.  A proposed order is attached.

Dated:  January 24, 2008

Respectfully submitted,

_____/s/ Jerome L. Epstein_____

JENNER & BLOCK LLP

Jerome L. Epstein (DC Bar #412824)
Ian Heath Gershengorn (DC Bar #448475)
Jenner & Block LLP
601 13th Street, N.W.
Suite 1200
Washington, D.C. 20005
202-639-6062 (voice)
202-639-6066 (fax)
jepstein@jenner.com

Ronald L. Marmer
C. John Koch
Jenner & Block LLP

2

330 N. Wabash Avenue
Suite 4400
Chicago, Illinois  60611-7603
(312) 923-2688 (phone)
(312) 840-7688 (facsimile)

Counsel for Fannie Mae

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| IN RE FANNIE MAE SECURITIES LITIGATION | No. 1:04CV01639 (RJL) |
| FRANKLIN MANAGED TRUST *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> FEDERAL NATIONAL MORTGAGE ASSOCIATION *et al.*, <br><br> *Defendants*. | No. 1:06CV00139 (RJL) |
| FANNIE MAE, <br><br> *Plaintiff*, <br><br> v. <br><br> KPMG LLP, <br><br> *Defendant*. | No. 1:06CV02111 (RJL) |

**MEMORANDUM IN SUPPORT OF FANNIE MAE'S MOTION FOR AN
ORDER TO SHOW CAUSE CONCERNING KPMG'S VIOLATION OF
DISCOVERY DEADLINES, AND REQUEST FOR EXPEDITED BRIEFING**

**INTRODUCTION**

On July 2, 2007, Fannie Mae served KPMG with Fannie Mae's First Request for

Production of Documents.  Pursuant to a Case Management Order agreed to by all parties and

entered by the Court on October 19, 2007, KPMG was required to produce all documents in

response to that request by December 15, 2007.  As discussed below, KPMG waited months after

receiving Fannie Mae's request to begin trickling documents out, and blatantly disregarded the

December 15 deadline in the Court's Case Management Order by producing the vast majority of its documents – some 3 million pages – more than one month after the deadline. Instead of even attempting in good faith to produce its documents by the deadline, KPMG produced less than 10% of the documents by that date. In so doing, KPMG withheld literally millions of pages of responsive, nonprivileged documents and has simply refused to confirm when it will complete its production.

In light of the dozens of depositions scheduled in February and March, and the need to confirm the full extent of the deficiencies in KPMG's production, Fannie Mae has made several efforts simply to confirm *when* KPMG will complete its production of documents *it has already agreed to produce*. Fannie Mae has identified numerous significant gaps in KPMG's production, but KPMG continues to claim that there are documents still in the pipeline, to be produced eventually, at some unspecified time. KPMG's refusal to complete its production, and even to state just how far past the deadline it plans to continue producing documents, compromises the parties' efforts to move this case forward. The parties have consistently agreed to modest extensions for completion of various discovery obligations, but this is the first time any party has *unilaterally* declared that it will produce 90% of its documents well past the deadline, and not even provide an end date or expected volume for its remaining production.

KPMG's conduct is all the more improper because it was KPMG that insisted on a 30-day period of review, following the December 15 deadline, before final document requests were due. KPMG's explanation – accepted by Fannie Mae and all parties – was that it made sense to build in 30 days to review the first set of document productions in order to allow the parties to frame their final requests for production. But KPMG has entirely undermined the Case Management Order, to its sole advantage, by producing 3 million pages of documents on or after

2

January 15, 2008, the date final document requests were due.  Fannie Mae obviously could not review millions of pages of documents KPMG produced on and after the final day for service of final document requests.

Fannie Mae has attempted multiple times to resolve this dispute without the Court's intervention.  Fannie Mae did not object to the fact that *some* documents would be produced after the deadline, but KPMG's post-deadline production is not an add-on – it represents the overwhelming majority of KPMG's entire production to date, and there is no end in sight.  That is why Fannie Mae repeatedly asked KPMG at least to state the end date for its production, but KPMG has not done so.  Accordingly, Fannie Mae requests the following relief:

1.  An order requiring KPMG to explain why it produced more than 90% of its documents more than one month past the deadline – and more than six months after receiving Fannie Mae's request.

2.  An order requiring expedited briefing so that KPMG cannot use the briefing process on this motion to force at least three more weeks of additional production delays.

3.  An order requiring KPMG to complete its production no later than February 1, 2008.

4.  An order allowing Fannie Mae to serve additional document requests within 15 business days of receiving KPMG's final production in response to Fannie Mae's First Request for Production; and

5.  An order requiring KPMG to pay the costs of this motion.

Fannie Mae has consulted KPMG concerning this motion, and KPMG has stated that it will oppose the motion.

3

**BACKGROUND**

On July 2, 2007 Fannie Mae served on KPMG Fannie Mae's First Request for Production of Documents.  On August 10, 2007 KPMG served its Objections and Responses to Fannie Mae's document request, leaving open multiple issues for further negotiation.  Fannie Mae and KPMG held a final negotiating session on September 25, 2007, with the terms of the agreements memorialized in a letter from Fannie Mae to KPMG the next day.  (Exh. A)  During the meet-and-confer session, KPMG stated that it expected to *complete* its production by November 15, 2007.  (Exh. A, at 10)

But KPMG did not even begin producing documents in response to Fannie Mae's request until October 31, 2007, and on that date produced only 140 documents.  Fannie Mae repeatedly asked KPMG why it was not producing documents on a rolling basis, as Fannie Mae has done, but KPMG never explained its delays.

Fannie Mae then proposed a deadline for all document productions.  Following further negotiation, all parties agreed to a production deadline of December 15, 2007, for all document requests received prior to September 1, 2007.  This deadline was adopted by the Court in CMO #4 (Oct. 19, 2007).

During the course of negotiating CMO 4, the parties also discussed a deadline for serving all final requests for production of documents.  Fannie Mae had proposed a deadline in 2007, but KPMG asked that the deadline for serving final document requests be pushed to January 15, 2008, in order to allow the parties 30 days to review the productions due on December 15, 2007. All parties agreed, and the Court adopted the January 15 deadline in the CMO.

By December 15, 2007, KPMG still had not produced scores of critical documents, including audit manuals for the period at issue in the litigation.  A few weeks before the

deadline, KPMG produced one audit manual dated more than two years before the audits at issue, and one audit manual dated many months after completion of the last KPMG year-end audit at issue. Fannie Mae questioned KPMG on why it had not produced readily available material showing the changes to and versions of the KPMG audit manual during the audits at issue in the litigation, but was told only that additional documents would be produced.

Finally, beginning on January 15, 2008 – one month after the deadline, and the very day that final document requests were due – KPMG began rolling out substantial volumes of documents. By the December 15 deadline, KPMG had produced roughly 266,000 pages of KPMG documents in response to Fannie Mae's requests.[1] More than one month past the deadline, beginning on January 15, 2008, KPMG produced approximately 3 million pages of additional documents – over 90% of its production to date.[2]

In addition to questions put to KPMG on multiple deposition planning calls, as to when KPMG would complete its production, on January 4, 2008 Fannie Mae put a simple question to KPMG: "Please let me know if KPMG has completed its production in response to Fannie Mae's July 2, 2007 request, and, if not, when KPMG intends to complete that production." (Exh. B). On January 7, 2008, Fannie Mae wrote to KPMG identifying multiple deficiencies with

---

[1] KPMG also produced approximately 200,000 pages of *Fannie Mae's* own produced documents – complete with Fannie Mae bates stamps – back to Fannie Mae. By the same date, Fannie Mae had produced approximately 4 *million* pages of documents in response to KPMG's request, beyond the 22 million pages of documents Fannie Mae had produced earlier in the case.

[2] As noted above, the deadline for serving final document requests was January 15, 2008. Fannie Mae timely served its document requests on KPMG the morning of January 15, 2008. Later that day, at 4:47 pm, KPMG produced 347,000 pages of documents. Over the next five days, KPMG produced an additional 2.6 million pages. Thus, Fannie Mae did not have the opportunity to review over 90% of KPMG's document production prior to the deadline for serving final document requests.

KPMG's production through that date.[3]  On the same day, KPMG stated that it had "not yet completed its production in response to Fannie Mae's document requests. We are delivering to [the document production vendor] a substantial volume of material this week, and we intend to complete the remainder of our production promptly."  When KPMG still had not stated when it would complete its production, Fannie Mae wrote KPMG yet again, on January 8, asking KPMG to "please let us know the exact date by which KPMG expects to complete its production in response to our July 2 request."  Again on January 10 Fannie Mae wrote to KPMG: "[J]ust a reminder that we're still waiting for KPMG to state when it intends to complete production in response to Fannie Mae's first request for production."  KPMG responded only that it would "let [Fannie Mae] know" when KPMG "had a better sense of the timing."

Because KPMG had continuously and repeatedly avoided answering these simple questions, Fannie Mae wrote to KPMG one last time, at 3:00 p.m. on January 18, 2008, to ask for a firm answer by January 22, 2008 whether KPMG would complete its production by January 31, 2008.  (Exh. C).  KPMG responded that it was unreasonable for Fannie Mae to ask such a question "on the eve of the three-day Martin Luther King holiday weekend" (Exh. D), neglecting to mention the same question had been asked of KPMG, but not answered, during deposition calls in 2007, and again on January 4, January 8, and January 10, 2008.   As of the date of this filing, KPMG still has not stated when it will complete its production, and what volume remains.

---

[3] There are numerous gaps in the types of documents KPMG has produced, and KPMG continues to withhold a number of categories of relevant documents.  On January 14, 2008 KPMG wrote Fannie Mae, promising to produce still more documents, but not providing any end date or expected volume for its remaining production.  Fannie Mae takes issue with many of the positions KPMG has taken on the proper scope of KPMG's search and production, but the purpose of the instant motion is not to address the substantive deficiencies in KPMG's production; Fannie Mae simply seeks to secure an end date for the production within the next week so that Fannie Mae can evaluate the full extent of what KPMG claims to be a complete production.  Fannie Mae cannot do so as long as KPMG continually asserts that there is "more to come" weeks or months past the production deadline.

**ARGUMENT**

Until now, the parties have cooperated in good faith to agree to discovery schedules and deadlines, produce documents, and coordinate dozens of depositions. Although the parties certainly have not agreed on all discovery matters, they have been able to work through their differences with minimal involvement of the Court. The parties have often agreed to extensions and reasonable grace periods for completion of written discovery and have not involved the Court in disputes over minor delays.

But KPMG's slow roll is beyond bounds of reasonable, good faith discovery efforts. The December 15 production deadline came and went, with the vast majority of relevant KPMG documents still not produced. As just one example, Fannie Mae had been repeatedly asking KPMG why it had not produced any audit manuals more than three months after Fannie Mae's requests were served, given that the audit manuals are widely and readily available in a Big 4 firm. At the end of November, more than four months after receiving Fannie Mae's document requests, KPMG finally produced *one* audit manual from *1997* – years before the audits at issue in the malpractice litigation – and *one* audit manual from August 2004, well after the date the last year-end audit at issue had been conducted. Missing were any audit manuals and updates for the period *actually at issue in the litigation*. Finally, in January 2008, more than one month past the production deadline, KPMG *has begun* to produce additional audit manuals, and *has begun* to produce other missing audit guidance from its national office.

But KPMG will not state just how much more it has to produce, let alone how long after the deadline it intends to continue its production. KPMG has thus turned the notion of a limited supplemental production on its head. Instead of releasing the bulk of its production prior to the December 15 deadline, with limited follow-ups over a defined period, KPMG delayed producing

more than 90% of its documents – some 3 million pages – until more than one month after the production deadline, and there is still no end in sight.

KPMG has brazenly adopted a "take it or leave it approach" to its discovery obligations, refusing multiple demands to state just how long past the deadline its production will continue, and at what volume. There are at least 14 depositions to be taken between now and the end of March, and another 17 in the month of April alone. In addition, there are serious substantive deficiencies with KPMG's production to date, but Fannie Mae cannot determine the extent of missing documents until KPMG declares that it has actually completed its production.

It is inappropriate for KPMG to hijack the discovery process and unilaterally state that it will finish producing its documents whenever it gets around to doing so. For this reason, KPMG should be ordered to explain why more than 90% of its document production was made more than one month after the deadline,[4] and should be ordered to complete its production – in response to a request that Fannie Mae served back on July 2, 2007 – no later than February 1, 2008.

Moreover, because of the multiple depositions in the near future and need to resolve disputes over the substance of the production, a several week delay to brief the instant motion and schedule a hearing would improperly reward KPMG for its dilatory tactics – creating a built-in two-month extension before any relief can be ordered. Because the issues raised by this motion involve only the *timing* and not the substance of the production, the issues can and should

---

[4] KPMG has not explained, for example, why it took so long to produce some 2 million pages of manuals, instructional materials, and formal pronouncements from its Department of Professional Practice. Fannie Mae understands that much of this material is stored on readily available CDs, with no privilege review required because no internal communications are included. There is no reason why KPMG could not have produced its readily available internal *publications* back in September; it is inexplicable why the vast majority of these non-privileged, off-the-shelf documents were produced in January, well after the production deadline.

8

be briefed on an expedited basis. Accordingly, Fannie Mae requests that KPMG be directed to file a response to this motion no later than January 28, 2008, and requests that any argument on the motion be held as soon as possible after January 28.

In addition, because the January 15, 2008 deadline for serving final document requests was set for the express purpose of allowing the parties 30 days to review the productions on December 15, 2007, but KPMG produced 3 million pages after that date and still is not finished, Fannie Mae should be permitted to serve supplemental document requests within 15 business days of KPMG declaring that its initial production is complete. And so that KPMG is not rewarded for delaying this final set of document requests, KPMG should be required to produce all documents in response to the final request within 45 days of service.

Finally, it is important to note that in the last status conference, KPMG made clear its objections to the deadlines in the CMO for the close of all fact discovery. By flouting the discovery deadlines, slow rolling its production, and producing on its own schedule, KPMG is attempting to obtain by delay what it could not otherwise obtain by agreement of the parties or by order of the Court.

## <u>CONCLUSION</u>

For the foregoing reasons, Fannie Mae respectfully requests that the Court enter an order providing the following relief:

1. Requiring KPMG to provide a detailed explanation why it produced more than 90% of its documents more than one month past the document production deadline;

2. Requiring KPMG to file a response to Fannie Mae's Motion by January 28, 2008, and setting a hearing on Fannie Mae's motion, if necessary, as soon as possible after January 28;

3.  Requiring KPMG to complete its production in response to Fannie Mae's First Request for Production no later than February 1, 2008;

4.  Allowing Fannie Mae to serve additional document requests within 15 business days of receiving KPMG's final production in response to Fannie Mae's First Request for Production, and requiring KPMG to complete its production in response to such requests within 45 days of service; and

5.  Requiring KPMG to pay the costs of this motion.


Dated:  January 24, 2008

Respectfully submitted,

_____/s/ Jerome L. Epstein_____

JENNER & BLOCK LLP

Jerome L. Epstein (DC Bar #412824)
Ian Heath Gershengorn (DC Bar #448475)
Jenner & Block LLP
601 13th Street, N.W.
Suite 1200
Washington, D.C. 20005
202-639-6062 (voice)
202-639-6066 (fax)
jepstein@jenner.com

Ronald L. Marmer
C. John Koch
Jenner & Block LLP
330 N. Wabash Avenue
Suite 4400
Chicago, Illinois  60611-7603
(312) 923-2688 (phone)
(312) 840-7688 (facsimile)

Counsel for Fannie Mae

**CERTIFICATE OF SERVICE**

I certify that on January 24, 2008, I electronically filed the foregoing Fannie Mae's Motion for an Order to Show Cause Concerning KPMG's Violation of Discovery Deadlines, and Request for Expedited Briefing, Memorandum in Support of Fannie Mae's Motion for an Order to Show Cause Concerning KPMG's Violation of Discovery Deadlines, and Request for Expedited Briefing, and [Proposed] Order with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the counsel of record in this matter who are registered on the CM/ECF.

    /s/    
Jerome L. Epstein

# JENNER&BLOCK

September 26, 2007

Jenner & Block LLP          Chicago
601 Thirteenth Street, NW    Dallas
Suite 1200 South             New York
Washington, DC 20005         Washington, DC
Tel 202-639-6000
www.jenner.com

VIA E-MAIL AND FIRST-CLASS MAIL

Jerome L. Epstein
Tel 202 639-6062
Fax 202 639-6066
jepstein@jenner.com

Andrew S. Tulumello
Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036

Dear Drew:

I am writing to confirm our discussions on September 7, 2007 and September 25, 2007, concerning KPMG's Responses and Objections to Fannie Mae's First Request for Production of Documents. Please let me know as soon as possible if you believe that the summary below does not accurately reflect our discussions. This letter is intended only to recount our discussions, and to ask a few follow-up questions. Our recitation of KPMG's position is not intended to suggest agreement with KPMG's objections, as there are a number of KPMG responses and objections with which we strongly disagree.

## KPMG's General Objections (summarized by Objection Number)

2, 4. We stated that KPMG's privilege objection is unduly broad, such as KPMG's assertion of privilege based on confidentiality agreements, accounting rules and regulations, and "other protections." You stated that KPMG has not withheld documents on the grounds of privilege for any reason other that attorney-client privilege, attorney work product, and an asserted statutory privilege involving PCAOB investigations. (For ease of reference, and without agreeing to KPMG's claim, we will refer to the latter as KPMG's asserted "PCAOB Privilege").

In addition, you stated that KPMG has not asserted a "PCAOB Privilege" for any documents it has shared with the Securities and Exchange Commission.

You also stated that KPMG will produce a privilege log of any documents it has withheld on the basis of a privilege claim, although you stated you are still considering what methodology to use for documents withheld on the basis of a "PCAOB Privilege."

Finally, you stated that KPMG has withheld some of its other clients' names from documents through redactions that have been indicated on those documents. We noted that the protective order entered by the Court includes a "highly confidential" designation for such information, which was added at KPMG's request. We also stated that we do not need the names of KPMG's clients with respect to many of the requests, and that we can address this issue as it arises in the context of specific contexts.

Andrew S. Tulumello
September 26, 2007
Page 2

3. We raised a concern with respect to KPMG's blanket objection that the requests are overly broad to the extent they seek information not reasonably calculated to lead to the discovery of admissible evidence. You confirmed that KPMG has not withheld documents on this basis unless specified in response to an individual document request. Specifically, notwithstanding that each KPMG Response states that it is subject to KPMG's General Objections, you stated that KPMG has not withheld document on that basis unless it so stated with specificity in response to an individual request.

5. You confirmed that KPMG has not withheld otherwise responsive documents on the ground that they constitute KPMG trade secrets.

6. We explained that KPMG General Objection No. 6, for documents already in Fannie Mae's possession, is improper because the fact of certain documents being in KPMG's possession is relevant to the malpractice action. You stated that KPMG has not withheld any documents on this basis.

7. We asked that KPMG clarify which sources of electronically stored information ("ESI") it deemed to be not reasonably accessible. You stated that the extent of ESI searches, and KPMG's search methodology more generally in response to the SEC requests, is fully explained in correspondence between the SEC and KPMG included in KPMG's production on the Xerox system. You also stated that KPMG has conducted additional searches in response to requests by the lead plaintiffs in the securities action, including searching emails and hard drives of the Fannie Mae engagement team members at the manager level and above, and KPMG's Department of Professional Practice ("DPP"). KPMG has agreed to provide us the methodology used for those additional searches, including identification of custodians searched and search terms used for electronic documents. You stated that you expect to have that information to us this week. You also stated that additional searches conducted in response to the plaintiffs' requests were limited to the period *after* December 21, 2004.

More generally, you agreed to provide us a copy of all correspondence between KPMG (including counsel) and any other parties in the consolidated proceedings, and to do so going forward as well. You sent us a package of materials on September 19, 2007 and September 25, 2007, and agreed to confirm that those materials reflect all correspondence with other parties.

KPMG's Objections to Instructions

1. You confirmed that Objection No. 1 was not intended to constitute an objection to identifying and producing attachments to emails. You also confirmed that KPMG has not withheld from its searches and production attachments to emails.

2. You confirmed that Objection No. 2 was not intended to constitute an objection to producing a privilege log or KPMG's continuing duty to supplement its responses.

Andrew S. Tulumello
September 26, 2007
Page 3

3. We stated that Fannie Mae disputes KPMG's general objection to the time period covered by Fannie Mae's requests. You confirmed that KPMG has not objected in all instances to producing documents created, dated, prepared, generated, sent, received or otherwise used after December 21, 2004, and that any such objection can be discussed in the context of the individual requests.

The "Some or All" Issue

Before turning to the individual requests, we discussed that Fannie Mae objects to KPMG's vague statement, in a number of KPMG's responses, that responsive documents have been produced. We objected to the ambiguity as to whether KPMG was representing only that it has previously produced *some* documents, or was representing that, after a reasonable search, KPMG has already produced *all* responsive documents. You clarified that each time KPMG had represented that responsive documents had been produced, it means that KPMG is representing that, following a reasonable search, it has produced *all* responsive documents. You defined a "reasonable" search as consisting of 1) the scope of KPMG's search in response to the SEC's requests, as explained in KPMG's correspondence with the SEC produced on the Xerox system; and 2) the search parameters/methodology KPMG used in response to the plaintiffs' requests, which you expect to provide us this week. Please let us know if we have misunderstood your response, as it is obviously critical to understand whether KPMG is representing, in response to various individual requests, that a complete production has already been made.

KPMG's Objections to Individual Requests

1. We stated that we do not believe KPMG has produced all responsive documents requested in No. 1(L), such as reviews of KPMG's audits. Reviews of KPMG's audit services to Fannie Mae are discussed in Request No. 2., below. You also stated that KPMG has withdrawn its objection to producing documents between December 21, 2004 and the present for this request and for No. 2, below (for example, KPMG has agreed to produce nonprivileged reviews conducted after December 21, 2004, to the extent they exist, that relate to the services KPMG provided to Fannie Mae prior to Dec. 21, 2004).

For request 1(k), you agreed to produce documents concerning the individuals Fannie Mae listed in Request No. 3, as well as documents concerning other members of the KPMG team we provided during our first call. The individuals for whom you agreed to produce responsive documents are:

ARGIRES
BOYLE
BRITT
CAPRIO
CH'ANG
CHILDERS
FLORKOWSKI
FOLEY

Andrew S. Tulumello
September 26, 2007
Page 4

FORSTER
GALLOTTA
GEE
NELSON
NIKOLOV
PEISCHEL
RUSSELL
SEROCK
SMITH, DAN
SMITH ERIC
TASCHER
TEJERINA
THEOBALD
TRAN
VERICK-STONE
WHEELER

In addition, we requested that you produce responsive documents for:  Bocxe, Lilian; Frei, David; Garguilo, Patrick; Guinan, John; Muckinhirn, Lisa; Pruszkowski, Thomas; Ranzilla, Samuel; and Sullivan, Tara.   You agreed to consider these names as well.  Please let us know by September 28 if KPMG objects to producing documents relating to these individuals.

You also agreed that Fannie Mae reserves the right to request performance-related documents for other individuals at a later time.

You further confirmed that your searches and production in response to request 1(k) (and Request Nos. 2 & 3) will not be limited to documents formally labeled "performance reviews" or otherwise formally in files called "personnel files," but include more generally all documents concerning the performance of the various individuals, or the performance of the audit team for Fannie Mae as a whole.

For request 1(n), you stated that KPMG will produce responsive documents not already produced.  KPMG agreed to check whether responsive documents are located in files other than the engagement team files.

2.  This request covers all reviews of KPMG's audit services provided to Fannie Mae, such as peer reviews, QA reviews, and other internal or external reviews.  We do not believe that KPMG has produced any such documents to date and asked if you could identify the applicable document ranges if any such documents have been produced.  Absent a specific statement to the contrary, we will assume no such documents have been produced to date.  You stated that KPMG is still checking whether it has any responsive documents for this request, and will let us know.  We further understand that in checking for responsive documents for this request, KPMG has withdrawn its objection to searching for documents created between December 21, 2004 and the present.

Andrew S. Tulumello
September 26, 2007
Page 5

3.  See discussion of 1(k) above.  In addition, you agreed to confirm that the scope of your search on this request dates back to 1998.

4.  You stated that with respect to audit services for Fannie Mae, all responsive documents concerning KPMG's compliance with GAAS have been produced (even if they are not in KPMG's workpapers) – except for the performance-related documents KPMG will be producing. You also stated that, with respect to noncompliance with GAAS by members of the Fannie Mae engagement team (even if for services to other clients), the SEC asked the same question, and KPMG determined there are no responsive documents, except to the extent the performance/personnel files, which KPMG will be producing, contain such information.

You further stated that KPMG will not agree to search for documents relating to other KPMG clients.

5.  You stated that KPMG does not object to producing communications between KPMG and the SEC or FASB, but objects to the request for "all documents" relating to such communications. We stated that as an initial matter, we would consider reviewing all correspondence between KPMG and the SEC or FASB concerning the accounting standards at issue in the Fannie Mae litigation – without prejudice to our ability to expand the search for other related documents. You agreed to consider this issue and provide us your response.  In light of the pressing need to complete document discovery, and the possible need for follow-up requests relating to this request, please provide your position on this issue no later than next week.

6 & 7.  You confirmed that, following a reasonable search, all responsive, nonprivileged documents have been produced.  Your written response, however, refers only to KPMG's prior production of "audit and risk manuals and certain Professional Practice Letters."  Fannie Mae's request covers all policies, procedures, or guidelines governing KPMG's performance of audits during the relevant time period.  Although we are willing at this time to defer a request for all documents "concerning" such policies, procedures or guidelines, it is not clear whether KPMG's prior search included all of the policies, procedures and guidelines, which we believe must be produced.  Please let us know your position on this by next week.

8.  You stated that responsive documents in the Fannie Mae engagement team files have been produced.  You stated that all centralized training materials would be within DPP or KPMG's National Director of Training.  We asked you also to produce all responsive training and CLE materials from DPP or the centralized training files.  You agreed to consider producing training manuals and presentations from DPP and from KPMG's training department, and to look for an index of other training and CLE materials for our review.  KPMG further stated that it would not search for localized training conducted only by KPMG field offices.  Although this was not discussed on our call, in further considering your proposed limitation, we request that KPMG also search for responsive materials located in KPMG's Washington, D.C. and Northern Virginia offices during the relevant time period.  Please let us know by next week KPMG's final position

Andrew S. Tulumello
September 26, 2007
Page 6

on this request. In addition, any indices must be produced expeditiously, as we need to have sufficient time to review the indices in order to specify additional documents to be produced.

9. You stated that your response on this Request is identical to your position in response to Request No. 4.

10. You confirmed that, following a reasonable search, all responsive, nonprivileged documents have been produced.

11. You agreed to produce the Gemstar and Xerox settlement agreements. You further stated that KPMG will not agree to produce documents relating to audit policies and procedures changed as a result of those matters. Finally, you stated that KPMG will consider responding to follow-up questions we may have after reviewing the settlement agreements.

12. You stated that KPMG will not produce documents relating to policies changed as a result of PCAOB inspections.

13. We explained that this request includes any consideration by KPMG whether to remain as Fannie Mae's auditor, and you confirmed that, following a reasonable search, all responsive, nonprivileged documents have been produced.

14. You stated that responsive documents from the engagement team and from DPP had already been produced, but that KPMG will determine if responsive documents are located in other departments and produce them if they are (for example, groups responsible for financial planning and budgets).

15. You confirmed that, following a reasonable search, all responsive, nonprivileged documents have been produced, with the exception of subparts (e), (f) and (g). For subpart (e), you stated that you are not aware of such a toolkit, and we agreed to check the reference. For subparts (f) and (g), you confirmed that you have already searched for and produced responsive documents from the Fannie Mae engagement team and from DPP.

16. You stated that KPMG recently sent an interrogatory response on this subject to the plaintiffs, which you sent to us yesterday to review.

17. You confirmed that, following a reasonable search, all responsive, nonprivileged documents have been produced, including responsive documents from DPP.

18. You confirmed that, following a reasonable search, all responsive, nonprivileged documents have been produced. Although we did not discuss KPMG's objection to the date range for this request, we did discuss that issue in connection with similar requests. We request that you confirm that the scope of your search in response to this request included the period between December 21, 2004 and the present.

Andrew S. Tulumello
September 26, 2007
Page 7

19. You confirmed that, following a reasonable search, all responsive, nonprivileged documents have been produced.

21. You confirmed that, following a reasonable search, all responsive, nonprivileged documents have been produced, including from the files of individuals in KPMG's DPP.

22. You confirmed that, following a reasonable search, all responsive, nonprivileged documents have been produced.

23. You confirmed that, following a reasonable search, all responsive, nonprivileged documents have been produced. To the extent there are any responsive documents after December 21, 2004 that relate to audit services provided by KPMG to Fannie Mae or otherwise relate to Fannie Mae's Restatement, we request that KPMG produce those as well.

24. You confirmed that, following a reasonable search, all responsive, nonprivileged documents have been produced.

25. You confirmed that, following a reasonable search, all responsive, nonprivileged documents have been produced, including documents after December 21, 2004.

26. You confirmed that, following a reasonable search, all responsive, nonprivileged documents have been produced, except for documents relating to negotiations of agreements concerning non-audit consulting services. You stated that KPMG has already produced the agreements concerning non-audit services. For purposes of this request, and without conceding the characterization of the services as consulting or audit services, you also stated that KPMG has included in its production all responsive, nonprivileged documents relating to the engagement of KPMG to advise Fannie Mae on compliance with FAS 133 prior to January 1, 2001.

27. You stated that there are no responsive, nonprivileged documents responsive to this request.

28 & 29. You stated that KPMG will not produce documents relating to other KPMG clients. We noted that documents relating to restatements by other KPMG clients or otherwise involving the same accounting issues covered in Fannie Mae's restatement are relevant to, among other things, KPMG's assertion that KPMG's conclusions in its work for Fannie Mae were affected by Fannie Mae allegedly misleading KPMG, and relevant to the issue whether KPMG's conclusions as part of services to other clients differed from KPMG's conclusions for Fannie Mae. This request is also relevant to any assertion by KPMG that Fannie Mae should not have restated its financials in whole or in part, and relevant to any assertion by KPMG that its conclusions and communications to Fannie Mae concerning compliance with GAAP were accurate. In short, we submit that KPMG's advice and services to other clients on the *same* accounting issues in Fannie Mae's restatement are plainly relevant to a number of issues and defenses in this action. Nevertheless, you stated that KPMG stands on its objection and will not produce any documents relating to other KPMG clients.

Andrew S. Tulumello
September 26, 2007
Page 8

30. You confirmed that, following a reasonable search, all responsive, nonprivileged documents have been produced.

31. You stated that KPMG will produce billing records, and that responsive documents relating to KPMG's access to Fannie Mae records have already been produced.

32 & 33. You confirmed that all responsive, nonprivileged documents have been produced, including that *all* communications between the KPMG and the SEC have been produced – with the sole exception of nonsubstantive emails between Gibson Dunn and the SEC concerning the time of certain meetings. As noted above, you also stated that KPMG has not asserted a "PCAOB Privilege" for documents it has shared with the SEC. You stated that KPMG will produce a privilege log of any documents it has withheld on the basis of a privilege claim, although you stated you needed to determine the methodology KPMG will use in producing a log for documents withheld on the basis of a "PCAOB Privilege." You also confirmed that KPMG has withdrawn its objection to producing documents created between December 21, 2004 and the present in response to these requests. (See also discussion of Request No. 57, below.)

34. You confirmed that, following a reasonable search, all responsive, nonprivileged documents have been produced. You also stated that because a number of DPP memoranda in the Xerox production are illegible due to the copying of shaded originals, KPMG will reproduce those documents so that they are legible. You stated that these documents will be produced within approximately two weeks. We also noted that many of the documents listed in DPP "Inquiries" indices had not been produced. You requested that we send you an example of such an index, which we have done. We have also attached hereto a list of more than 400 DPP inquiries listed on the indices which were not produced, largely relating to derivative and hedge accounting. If the inquiries did not result in written memoranda, please let us know as soon as possible. In addition, it does not appear that the DPP "Inquiries" indices KPMG previously produced cover all of the accounting issues in the litigation. Please let us know by next week if KPMG will agree to produce those indices as well. It is important that a full set of indices be produced as soon as possible in order to allow us to identify specific memoranda cited in those indices.

35. You confirmed that, following a reasonable search, all responsive, nonprivileged documents have been produced.

36. We believe you agreed to produce responsive documents located in KPMG central files, such as DPP or the "training" department, as opposed to ad hoc training documents that may have been generated by various KPMG field offices. We would appreciate your clarifying your position on this request. As noted above, we also ask that you produce responsive documents from KPMG's Washington, D.C. and Northern Virginia offices.

38 & 39. You agreed to produce responsive, nonprivileged documents, including documents dated between December 21, 2004 and the present.

Andrew S. Tulumello
September 26, 2007
Page 9

40-41, 43-55.  You stated that KPMG is withdrawing its claim of injury to reputation and good will, and thus that these requests are no longer relevant.  We explained that we are willing to defer these requests, without prejudice, depending on the precise scope of KPMG's theory of recovery for any remaining damages claims.  Before we will consider withdrawing the requests, we will require a letter (followed by an amended pleading) specifying precisely the basis of KPMG's remaining damages claim(s).  If we agree that these document requests are no longer relevant to KPMG's damages claim, we will agree to defer them, without prejudice to reinstitute the requests if any of them are relevant to other issues in the case.  Please let us know this week when you intend to send us the letter referred to above.

42.  We stated that we believe KPMG has already assembled documents responsive to this request in response to other litigation against it, and asked that you consider producing what you have already assembled for similar discovery requests in other litigation.

56.  We explained that this request is directly relevant to KPMG's claim that it should have charged significantly higher audit fees to Fannie Mae.  You agreed to reconsider your objection to this request.

57.  You reiterated that KPMG has already produced in the civil litigation all documents that it produced to the SEC, with the exception of 212 documents unrelated to the Fannie Mae issues that KPMG inadvertently produced to the SEC.  You stated that KPMG's privilege log will include a description of those 212 documents.  In connection with this request, I asked if KPMG or any of its present or former auditors had received a Wells Notice from the SEC.  You declined to answer that question, but stated that all communications between KPMG and the SEC (other than the aforementioned 212 documents and emails from Gibson Dunn confirming meeting times) have already been produced on the Xerox system.  Please note that we intend to serve subpoenas on Messrs. Argires, Britt, Serock and Russell, and Ms. Theobald, for communications with the SEC, including any Wells Notices.  If any of these individuals is represented by counsel who will accept service of the subpoenas, please let us know immediately.

58.  You confirmed that KPMG already searched its ethics hotline for documents relating to services provided to Fannie Mae, including hotline-related documents dated after December 21, 2004.

59.  We explained that there is no legitimate basis for refusing to produce the CD(s) given to KPMG, prior to February 1, 2004, relating to the Barnes investigation.  You stated that if KPMG received a CD it will produce it.  You also stated that KPMG may identify the document range in the existing production (if applicable) of the documents on this CD.  We will consider that alternative only if KPMG is unable to locate the CD and can state with specificity both the date range of the documents it reviewed in connection with the Barnes investigation and the date those documents were given to KPMG.

Andrew S. Tulumello
September 26, 2007
Page 10

60. You agreed to produce copies of all relevant insurance policies, consistent with the definition in Fannie Mae's request, and to provide to me documents relating to the exhaustion or erosion of limits of liability in the policy(ies).

Finally, you stated that KPMG hopes to complete its production in response to Fannie Mae's requests by November 15, 2007. We do not, of course, at this time have sufficient information from KPMG to evaluate whether KPMG has previously conducted, or will be conducting, an adequate search of proper scope in response to Fannie Mae's document requests, even leaving aside outstanding disputes over objections.

Please let me know if you have any questions concerning any of the matters addressed in this letter.

Sincerely,

Jerome L. Epstein

Attachments

## Epstein, Jerome L

**From:**     Epstein, Jerome L
**Sent:**     Friday, January 04, 2008 11:33 AM
**To:**       Tulumello, Andrew S.
**Subject:**  Document Productions by FNM and KPMG

Drew:

You asked about our production in response to KPMG's first set of requests for production of documents.

Fannie Mae completed a reasonable search for documents responsive to KPMG's first set of document requests prior to December 15, consistent with our response and objections to KPMG's request and our meet-and-confer agreements. In the course of preparing for depositions, we also identified additional potentially responsive documents from the files of Henry Kim and Paul Salfi. We have already produced the Kim documents, and intend to review and release for production in the next 10 days documents from Paul Salfi. With that production, we will have completed a more than reasonable search in response to KPMG's first request, amounting to well over 4 million pages of documents produced (in addition to the more than 22 million pages previously produced).

We are just beginning our collection in response to the new document request KPMG served on December 26. That request, as you know, potentially covers a substantial number of restatement-related and other documents, including additional documents relevant to Mr. Salfi and other persons whose depositions have been scheduled.

Please let me know if KPMG has completed its production in response to Fannie Mae's July 2, 2007 request, and, if not, when KPMG intends to complete that production.

 Thanks.

Jerry

**Epstein, Jerome L**

| | |
|---|---|
| **From:** | Epstein, Jerome L |
| **Sent:** | Friday, January 18, 2008 3:00 PM |
| **To:** | Tulumello, Andrew S.; Osorio, Claudia |
| **Subject:** | Letter re KPMG Document Production |
| **Attachments:** | Epstein Letter to Tulumello January 18 2008.pdf |

Please see the attached letter, which is also being hand-delivered.

# JENNER & BLOCK

January 18, 2008

VIA EMAIL AND MESSENGER

Jenner & Block LLP                Chicago
601 Thirteenth Street, NW          Dallas
Suite 1200 South                   New York
Washington, DC 20005               Washington, DC
Tel 202-639-6000
www.jenner.com

Andrew S. Tulumello
Gibson, Dunn & Crutcher, LLP
1050 Connecticut Avenue, N.W.
Washington D.C. 20036

Jerome L. Epstein
Tel  202 639-6062
Fax  202 661-4837
jepstein@jenner.com

Dear Drew:

It is now January 18, more than one month past the document production deadline. As you are well aware, without explanation for this delay, KPMG has not completed producing documents that were due at that time. The production that has occurred to date is grossly inadequate. And although KPMG has acknowledged that the production is not complete, it has nonetheless refused even to provide a date by which it will meet its production obligations. KPMG's actions to date stand in stark contrast to the cooperative, good faith efforts of every other party to this case, and are already resulting in unwarranted delay.

Fannie Mae began its production in August, and produced thousands of documents on a rolling basis well in advance of the production deadline. By the time of the December 15 production deadline, almost 4 million pages of documents had been released by Fannie Mae in response to KPMG's request. In stark contrast, KPMG had produced only a fraction of its documents by the deadline, and the majority of those were produced on or near the deadline itself.

As you know, we established a deadline of January 15, 2008 for final document requests in order to accommodate KPMG's specific request to be given 30 days to review the first set of productions before formulating final document requests. All parties agreed to that request, and also requested the same 30 days to review other parties' productions and formulate any additional document requests suggested by the productions. Nonetheless, KPMG waited until 4:47 p.m. on January 15 – the day of the deadline for final document requests – to produce 347,000 pages of documents. On January 16, 2008 – the day *after* the final document request deadline – KPMG produced an additional 263,000 pages of documents. Fannie Mae had already served its final document requests on January 15 without having had any opportunity to review any of these 610,000 pages of KPMG documents.

Fannie Mae has worked cooperatively with all other parties through the life of this litigation, and has routinely consented to additional response time when needed and appropriate. KPMG has, however, abused the parties' patience and good-faith efforts to cooperate in the discovery process and engaged in what appears to be a deliberate effort to game the process. This history would be problematic enough if KPMG were, at long last, finished with its production. But KPMG does not appear to be at all close to completing its production even now. Nor will KPMG even provide a date of when it intends to complete production in response to

Andrew S. Tulumello
January 18, 2008
Page 2

Fannie Mae's first request – which was served more than six months ago – or an estimated volume of documents yet to be produced.

Especially given KPMG's repeated insistence for this same information from Fannie Mae – which we provided – it is untenable that KPMG will not give the parties a date of exactly how many weeks or months past the deadline it intends to take to complete its production. We asked you for this information before the document deadline, and in the weeks after the production deadline, most recently on January 10, 2008, but KPMG has consistently refused to provide an end date and anticipated volume for its production.

So that we can advise the Court next week of precisely what KPMG's position is, please let me know no later than noon on Tuesday, January 22 whether KPMG intends to complete its production by January 31, 2008. In addition, although we have a number of issues with the position KPMG has taken on the scope of its search and production which we will address separately, please let me know by the same time if KPMG's completed production on or before January 31, 2008 will include the following types of documents, which we understand KPMG has already agreed to produce (or confirm that a complete set of the following documents is included in the 600,000 pages KPMG produced this week):

- "[V]ersions of KPMG's relevant audit-related manuals from January 1, 2000 to December 31, 2004 that we could identify after a reasonable search."[1]

- "[E]ach monthly version of the relevant audit-related manuals that we could reasonably locate."

- All "PPLs in effect from 2000 through 2004 that could be located during a reasonable search."

- All training materials from KPMG's national training center that could be located during a reasonable search, assuming a cut-off of December 2004.

- All CPE profiles for members of the Fannie Mae audit engagement.

- Responsive documents from the "DPP personnel whose files were searched as part of the SEC investigation, as well as certain KPMG 'executives' and KPMG's 'communications/press organization'"[2]

---

[1] The quotations and summaries below are from your letter to me dated January 14, 2008. I will respond separately to that letter, but in the meantime want only to confirm the production date for the categories of documents KPMG agreed to produce.

[2] As noted above, we have a number of issues with the scope of KPMG's collection, including the woefully inadequate search terms KPMG just identified in its letter of January 14, which, among other problems, do not even mention any of the accounting issues in the litigation. The

Andrew S. Tulumello
January 18, 2008
Page 3


To be clear, for each of the items on the above list, the question is not whether your recent production and planned future production includes *some* of these types of documents, but whether KPMG has already completed its production of the documents described above, or will do so by January 31.

Please provide an unambiguous response by noon on January 22.


Sincerely,

Jerome L. Epstein


immediate question, however, is whether KPMG will produce by January 31 responsive files noted in this category based on the very narrow and underinclusive search terms you just identified to us this week.

# GIBSON, DUNN & CRUTCHER LLP

### LAWYERS

A REGISTERED LIMITED LIABILITY PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

1050 Connecticut Avenue, N.W.  Washington, D.C. 20036-5306
(202) 955-8500
www.gibsondunn.com

ATulumello@gibsondunn.com

January 22, 2008

| | |
|---|---|
| **Direct Dial**<br>(202) 955-8657<br>**Fax No.**<br>(202) 530-9678 | **Client No.**<br>71004-01296 |

Jerome L. Epstein
Jenner & Block LLP
601 Thirteenth Street, NW
Suite 1200 South
Washington, D.C. 200005

<u>BY ELECTRONIC AND FIRST-CLASS MAIL</u>

      Re:    Discovery Issues

Dear Jerry:

      I have received your letter dated January 18, which was delivered late Friday afternoon on the eve of the three-day Martin Luther King holiday weekend.  I note that you demand a response by noon today—the first business day after the holiday weekend.  I will respond to your letter in due course, with the aim of doing so before the upcoming status conference.

      Let me again reiterate that I find this style of litigation unnecessary and unproductive.  I recommend that, in the spirit of moving forward constructively, you refrain from sending letters late on Friday afternoons and demanding immediate responses.

      Sincerely yours,

Andrew S. Tulumello

LOS ANGELES   NEW YORK   WASHINGTON, D.C.   SAN FRANCISCO   PALO ALTO
LONDON   PARIS   MUNICH   BRUSSELS   ORANGE COUNTY   CENTURY CITY   DALLAS   DENVER

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| IN RE FANNIE MAE SECURITIES LITIGATION | No. 1:04CV01639 (RJL) |
| FRANKLIN MANAGED TRUST *et al.,*<br><br>            *Plaintiffs,*<br><br>    v.<br><br>FEDERAL NATIONAL MORTGAGE ASSOCIATION *et al.,*<br><br>            *Defendants.* | No. 1:06CV00139 (RJL) |
| FANNIE MAE,<br><br>            *Plaintiff,*<br><br>v.<br><br>KPMG LLP,<br><br>            *Defendant.* | No. 1:06CV02111 (RJL) |

**[PROPOSED] ORDER**

Upon consideration of Fannie Mae's Motion for an Order To Show Cause Concerning

KPMG's Violation Of Discovery Deadlines, and Request For Expedited Briefing, it is, this ___

day of ____, 2008,

ORDERED, that Fannie Mae's motion is granted; and it is

FURTHER ORDERED, that KPMG shall file a response to the Motion to Show Cause

by January 28, 2008, including a detailed explanation of why KPMG produced more than 90%

of its documents more than one month past the document production deadline; and it is

FURTHER ORDERED, that KPMG shall complete its production in response to Fannie Mae's First Request for Production of Documents no later than February 1, 2008; and it is

FURTHER ORDERED, that Fannie Mae shall be entitled to serve additional document requests within 15 business days of receiving KPMG's final production in response to Fannie Mae's First Request for Production, and KPMG shall complete its production in response to such requests within 45 days of service; and it is

FURTHER ORDERED, that KPMG shall pay the costs of Fannie Mae's motion.


_____
RICHARD J. LEON
UNITED STATES DISTRICT JUDGE