# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| IN RE FANNIE MAE SECURITIES LITIGATION | No. 1:04CV01639 (RJL) |
| FANNIE MAE,<br><br>          *Plaintiff*,<br><br>v.<br><br>KPMG LLP,<br><br>          *Defendant*. | No. 1:06CV02111 (RJL)<br><br>KPMG LLP'S ANSWER TO<br>FANNIE MAE'S AMENDED COMPLAINT |

## KPMG LLP'S ANSWER TO FANNIE MAE'S AMENDED COMPLAINT

F. Joseph Warin (D.C. Bar No. 235978)
Scott A. Fink (*admitted pro hac vice*)
Michael F. Flanagan (D.C. Bar No. 435942)
Andrew S. Tulumello (D.C. Bar No. 468351)
Claudia M. Osorio (D.C. Bar No. 477594)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Telephone: (202) 955-8500
Facsimile: (202) 467-0539

*Counsel for KPMG LLP*

## ANSWER TO FANNIE MAE'S AMENDED COMPLAINT

Defendant KPMG LLP ("KPMG"), by and through its undersigned counsel, answers
Fannie Mae's Amended Complaint and Jury Demand ("Complaint") in *Fannie Mae v. KPMG
LLP*, No. 1:06cv02111.  Except as expressly admitted, KPMG denies all of the allegations
contained in the Complaint.  The capitalized terms used herein shall be defined in the same
manner as in the Complaint.  Accordingly, KPMG states:

1.      To the extent Paragraph 1 asserts legal conclusions, no response is required.  To
the extent Paragraph 1 purports to summarize the congressional testimony of the SEC's Chief
Accountant, that testimony speaks for itself and no response is required.  Otherwise, the
allegations in Paragraph 1 are denied.

2.      To the extent the allegations in Paragraph 2 are not directed toward KPMG, no
response is required.  KPMG admits that it served as Fannie Mae's outside auditor from 1969
until December 21, 2004, and that it was compensated for professional services.  Otherwise, the
allegations in Paragraph 2 are denied.

3.      To the extent Paragraph 3 purports to summarize or characterize KPMG's written
communications with the Audit Committee or Audit Committee meeting minutes, those
documents speak for themselves and no response is required.  Otherwise, the allegations in
Paragraph 3 are denied.

4.      To the extent Paragraph 4 asserts legal conclusions, no response is required.
Otherwise, the allegations in Paragraph 4 are denied.

5.      To the extent Paragraph 5 asserts legal conclusions, no response is required.
KPMG admits that Fannie Mae restated certain of its previously issued financial statements.
Otherwise, the allegations in Paragraph 5 are denied.

6.      KPMG admits that its audits included Fannie Mae's application of FAS 133, and that certain of its personnel read and commented on Fannie Mae's Derivatives Accounting Guide, or "DAG."  Otherwise, the allegations in Paragraph 6 are denied.

7.      To the extent the allegations in Paragraph 7 purport to summarize KPMG's audit opinions, those documents speak for themselves and no response is required.  Otherwise, the allegations in Paragraph 7 are denied.

8.      To the extent paragraph 8 asserts legal conclusions, no response is required.  To the extent Paragraph 8 purports to summarize the SEC's "determinations" about Fannie Mae's accounting, KPMG refers to its response to Paragraph 1 of the Complaint.  Otherwise, the allegations in Paragraph 8 are denied.

9.      To the extent Paragraph 9 asserts legal conclusions, no response is required.  To the extent Paragraph 9 purports to summarize or characterize written communications with the Audit Committee, Audit Committee meeting minutes or KPMG's audit opinions, those documents speak for themselves and no response is required.  Otherwise, the allegations in Paragraph 9 are denied.

10.     To the extent Paragraph 10 asserts legal conclusions, no response is required.  Otherwise, the allegations in Paragraph 10 are denied.

11.     To the extent Paragraph 11 asserts legal conclusions, no response is required.  Otherwise, the allegations in Paragraph 11 are denied.

12.     To the extent Paragraph 12 asserts legal conclusions, no response is required.  Otherwise, the allegations in Paragraph 12 are denied.

13.     To the extent Paragraph 13 asserts legal conclusions, no response is required.  To the extent Paragraph 13 purports to summarize or characterize a resolution between Joseph

Boyle and the SEC, that document speaks for itself and no response is required.  KPMG admits that Joseph Boyle was KPMG's client service partner for the Fannie Mae account for a certain period of time.  Otherwise, the allegations in Paragraph 13 are denied.

14.     To the extent Paragraph 14 asserts legal conclusions, no response is required. Otherwise, the allegations in Paragraph 14 are denied.

15.     To the extent Paragraph 15 asserts legal conclusions, no response is required.  To the extent Paragraph 15 contains unsourced quotations, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.  Otherwise, the allegations in Paragraph 15 are denied.

16.     To the extent Paragraph 16 asserts legal conclusions, no response is required. Otherwise, the allegations in Paragraph 16 are denied.

17.     KPMG admits that Fannie Mae is a federally-chartered government-sponsored enterprise with its principal place of business in Washington, D.C.  To the extent Paragraph 17 contains unsourced quotations, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.

18.     To the extent the allegations in paragraph 18 are not directed to KPMG, no response is required.  Otherwise, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.

19.     To the extent that Paragraph 19 characterizes the services provided by KPMG to Fannie Mae from 1969 to 2004, those services are described in engagement letters which speak for themselves and no response is required.  Otherwise, the allegations in Paragraph 19 are admitted.

20.    KPMG admits that it is a member firm of KPMG International, a Swiss cooperative, and that the revenues of the member firms exceeded $60 billion between 2001 and 2005.

21.    To the extent Paragraph 21 asserts legal conclusions, no response is required. KPMG admits that Fannie Mae filed an action against KPMG on December 12, 2006 in the Superior Court of the District of Columbia and that KPMG removed the case to this Court the same day.

22.    Paragraph 22 asserts legal conclusions requiring no response.

23.    Paragraph 23 asserts legal conclusions requiring no response.

24.    Paragraph 24 asserts legal conclusions requiring no response.

25.    To the extent Paragraph 25 purports to characterize the duties of accountants, the professional standards governing accountants speak for themselves and no response is required. Otherwise, the allegations in Paragraph 25 are denied.

26.    To the extent Paragraph 26 quotes an unspecified source, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.  Otherwise, the allegations in Paragraph 26 are denied.

27.    To the extent Paragraph 27 purports to characterize the duties of accountants, the professional standards governing accountants speak for themselves and no response is required. To the extent Paragraph 27 purports to summarize or characterize GAAP, the referenced materials are documents that speak for themselves and no response is required.  Otherwise, the allegations in Paragraph 27 are denied.

28.    To the extent Paragraph 28 asserts legal conclusions, no response is required. Otherwise, the allegations in Paragraph 28 are denied.

29.    KPMG admits that the AICPA has promulgated certain professional standards. To the extent Paragraph 29 purports to summarize or characterize generally accepted auditing standards, or GAAS, the referenced materials speak for themselves and no response is required. Otherwise, the allegations in Paragraph 29 are denied.

30.    To the extent Paragraph 30 purports to summarize or characterize GAAS, those standards speak for themselves and no response is required. Otherwise, the allegations in Paragraph 30 are denied.

31.    To the extent Paragraph 31 purports to summarize or characterize GAAS, those standards speak for themselves and no response is required. Otherwise, the allegations in Paragraph 31 are denied.

32.    To the extent Paragraph 32 purports to summarize or characterize GAAS, those standards speak for themselves and no response is required. Otherwise, the allegations in Paragraph 32 are denied.

33.    To the extent Paragraph 33 purports to summarize or characterize a resolution between the SEC and KPMG relating to Gemstar, that document speaks for itself and no response is required. Otherwise, the allegations in Paragraph 33 are denied.

34.    To the extent Paragraph 34 purports to summarize or characterize GAAS, those standards speak for themselves and no response is required. To the extent Paragraph 33 purports to summarize or characterize a resolution between the SEC and KPMG relating to Gemstar, that document speaks for itself and no response is required. Otherwise, the allegations in Paragraph 34 are denied.

35.    To the extent Paragraph 35 asserts legal conclusions, no response is required. To the extent Paragraph 35 purports to summarize or characterize the content of the engagement

letters between Fannie Mae and KPMG, those documents speak for themselves and no response is required. KPMG admits that it served as Fannie Mae's auditor from 1969 until December 21, 2004. Otherwise, the allegations in Paragraph 35 are denied.

36.    To the extent Paragraph 36 purports to summarize or characterize the contents of the engagement letters between Fannie Mae and KPMG, those documents speak for themselves and no response is required. Otherwise, the allegations in Paragraph 36 are denied.

37.    To the extent Paragraph 37 purports to summarize or characterize the contents of written communications with the Audit Committee, Audit Committee meeting minutes or the engagement letters between Fannie Mae and KPMG, those documents speak for themselves and no response is required. Otherwise, the allegations in Paragraph 37 are denied.

38.    To the extent Paragraph 38 purports to summarize or characterize the contents of the engagement letters between Fannie Mae and KPMG, those documents speak for themselves and no response is required. To the extent paragraph 38 characterizes the SEC's "determinations" about Fannie Mae's accounting, KPMG refers to its response to Paragraph 1 of the Complaint. Otherwise, the allegations in Paragraph 38 are denied.

39.    To the extent Paragraph 39 purports to summarize or characterize the contents of the engagement letters between Fannie Mae and KPMG, those documents speak for themselves and no response is required. Otherwise, the allegations in Paragraph 39 are denied.

40.    To the extent Paragraph 40 purports to summarize or characterize the contents of the engagement letters between Fannie Mae and KPMG or professional standards in the accounting industry, those documents and standards speak for themselves and no response is required. Otherwise, the allegations in Paragraph 40 are denied.

41.    To the extent Paragraph 41 asserts legal conclusions, no response is required.  To the extent Paragraph 41 purports to summarize or characterize the contents of the engagement letters between Fannie Mae and KPMG, those documents speak for themselves and no response is required.  Otherwise, the allegations in Paragraph 41 are denied.

42.    To the extent Paragraph 42 purports to summarize or characterize KPMG's engagement letters, written communications with the Audit Committee or Audit Committee meeting minutes, those documents speak for themselves and no response is required.  Otherwise, the allegations in Paragraph 42 are denied.

43.    To the extent Paragraph 43 contains legal conclusions, no response is required. KPMG also refers to and incorporates by reference the cross-claims it has asserted against Fannie Mae in the consolidated securities litigation.  Otherwise, the allegations in Paragraph 43 are denied.

44.    KPMG admits the allegations in Paragraph 44.

45.    To the extent Paragraph 45 purports to summarize or characterize the contents of KPMG's audit opinions, written communications with the Audit Committee, or Audit Committee meeting minutes, those documents speak for themselves and no response is required. Otherwise, the allegations in Paragraph 45 are denied.

46.    To the extent Paragraph 46 purports to summarize or characterize the contents of written communications with the Audit Committee or Audit Committee meeting minutes, those documents speak for themselves and no response is required.  Otherwise, the allegations in Paragraph 46 are denied.

47.    To the extent Paragraph 47 purports to summarize or characterize the contents of written communications with the Audit Committee or Audit Committee meeting minutes, those

documents speak for themselves and no response is required. Otherwise, the allegations in Paragraph 47 are denied.

48.     To the extent Paragraph 48 purports to summarize or characterize the contents of written communications with the Audit Committee or Audit Committee meeting minutes, or KPMG's audit opinions, those documents speak for themselves and no response is required. Otherwise, the allegations in Paragraph 48 are denied.

49.     To the extent Paragraph 49 purports to summarize or characterize the contents of written communications with the Audit Committee or Audit Committee meeting minutes, those documents speak for themselves and no response is required. Otherwise, the allegations in Paragraph 49 are denied.

50.     To the extent Paragraph 50 purports to summarize or characterize the contents of written communications with the Audit Committee, Audit Committee meeting minutes or resolutions involving the SEC and KPMG relating to Gemstar or Xerox, those documents speak for themselves and no response is required. Otherwise, the allegations in Paragraph 50 are denied.

51.     To the extent Paragraph 51 purports to summarize or characterize the contents of written communications with the Audit Committee or Audit Committee meeting minutes, those documents speak for themselves and no response is required. Otherwise, the allegations in Paragraph 51 are denied.

52.     To the extent Paragraph 52 purports to summarize or characterize the contents of a resolution between the SEC and KPMG and/or Joseph Boyle, those documents speak for themselves and no response is required. KPMG admits that Joseph Boyle was KPMG's client

service partner for the Fannie Mae account for a certain period of time.  Otherwise, the allegations in Paragraph 52 are denied.

53.    To the extent Paragraph 53 purports to summarize or characterize the contents of written communications with the Audit Committee or Audit Committee meeting minutes, those documents speak for themselves and no response is required.  Otherwise, the allegations in Paragraph 53 are denied.

54.    To the extent Paragraph 54 purports to summarize or characterize the contents of written communications with the Audit Committee or Audit Committee meeting minutes, those documents speak for themselves and no response is required.  Otherwise, the allegations in Paragraph 54 are denied.

55.    To the extent Paragraph 55 purports to summarize or characterize the contents of written communications with the Audit Committee or Audit Committee meeting minutes, those documents speak for themselves and no response is required.  To the extent Paragraph 55 asserts legal conclusions or purports to characterize GAAS, GAAS standards speak for themselves and no response is required.  Otherwise, the allegations in Paragraph 55 are denied.

56.    To the extent Paragraph 56 asserts legal conclusions or purports to summarize or characterize the contents of written communications with the Audit Committee or Audit Committee meeting minutes, those documents speak for themselves and no response is required. KPMG admits that Fannie Mae has restated certain of its previously reported financial results. Otherwise, the allegations in Paragraph 56 are denied.

57.    To the extent Paragraph 57 purports to summarize or characterize the contents of written communications with the Audit Committee or Audit Committee meeting minutes, those

documents speak for themselves and no response is required. Otherwise, the allegations in Paragraph 57 are denied.

58.     To the extent Paragraph 58 purports to summarize or characterize the contents of written communications with the Audit Committee or Audit Committee meeting minutes, those documents speak for themselves and no response is required. Otherwise, the allegations in Paragraph 58 are denied.

59.     To the extent Paragraph 59 asserts legal conclusions, no response is required. To the extent Paragraph 59 purports to summarize or characterize written communications with the Audit Committee or Audit Committee meeting minutes, those documents speak for themselves and no response is required. Otherwise, the allegations in Paragraph 59 are denied.

60.     To the extent Paragraph 60 characterizes Fannie Mae's financial statements, written communications with the Audit Committee or Audit Committee meeting minutes, those documents speak for themselves and no response is required. Otherwise, the allegations in Paragraph 60 are denied.

61.     To the extent Paragraph 61 asserts legal conclusions, no response is required. Otherwise, the allegations in Paragraph 61 are denied.

62.     KPMG admits that its audits included Fannie Mae's application of FAS 133, and that certain of its personnel read and commented on Fannie Mae's Derivatives Accounting Guide, or "DAG." Otherwise, the allegations in Paragraph 62 are denied.

63.     To the extent Paragraph 63 purports to summarize or characterize KPMG's invoices and letters to Fannie Mae, those documents speak for themselves and no response is required. Otherwise, the allegations in Paragraph 63 are denied.

64.     KPMG admits that certain of its personnel read and commented on Fannie Mae's Derivatives Accounting Guide, or "DAG."  To the extent Paragraph 64 purports to summarize or characterize a KPMG "statement," that document speaks for itself and no response is required. Otherwise, the allegations in Paragraph 64 are denied.

65.     To the extent Paragraph 65 asserts legal conclusions, no response is required.  To the extent Paragraph 65 purports to summarize the contents of KPMG's workpapers or to summarize or characterize the contents of written communications with the Audit Committee or Audit Committee meeting minutes, those documents speak for themselves and no response is required.  Otherwise, the allegations in Paragraph 65 are denied.

66.     KPMG admits that OFHEO began a special examination of Fannie Mae in 2003 and that the SEC commenced an investigation in 2004.  Otherwise, the allegations in Paragraph 66 are denied.

67.     KPMG admits that a "special review" committee of the Board of Directors of Fannie Mae engaged the law firm of Paul, Weiss, Rifkind, Wharton & Garrison LLP in September 2004.  KPMG is without knowledge or information sufficient to form a belief as to the allegations relating to "OFHEO-related costs," the costs of "related litigation" and the costs of the "special review," and on that basis denies those allegations.  Otherwise, the allegations in Paragraph 67 are denied.

68.     To the extent Paragraph 68 purports to summarize or characterize the contents of Donald Nicolaisen's December 15, 2004 written statement with regard to Fannie Mae's accounting for FAS 91 and FAS 133, that statement speaks for itself and no response is required. Otherwise, the allegations in Paragraph 68 are denied.

69.     KPMG admits that on December 21, 2004, Fannie Mae terminated KPMG as its auditor.

70.     To the extent Paragraph 70 purports to summarize or characterize the contents of Audit Committee meeting minutes or of Fannie Mae's SEC filings, those documents speak for themselves and no response is required.  Otherwise, the allegations in Paragraph 70 are denied.

71.     KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71 and on that basis denies them.

72.     To the extent Paragraph 72 purports to summarize or characterize the contents of Fannie Mae's SEC filings, those documents speak for themselves and no response is required. Otherwise, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.

73.     To the extent Paragraph 73 contains factual allegations about KPMG requiring a response, KPMG denies them.  Otherwise, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.

74.     To the extent Paragraph 74 asserts legal conclusions, no response is required.  To the extent Paragraph 74 contains factual allegations about KPMG requiring a response, KPMG denies them.  Otherwise, KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.

75.     To the extent Paragraph 75 asserts legal conclusions, no response is required. Otherwise, the allegations in Paragraph 75 are denied.

76.     To the extent Paragraph 76 asserts legal conclusions, no response is required. Otherwise, the allegations in Paragraph 76 are denied.

77.    To the extent Paragraph 77 asserts legal conclusions, no response is required. Otherwise, the allegations in Paragraph 77 are denied.

78.    To the extent Paragraph 78 asserts legal conclusions, no response is required. Otherwise, the allegations in Paragraph 78 are denied.

79.    To the extent Paragraph 79 asserts legal conclusions, no response is required. Otherwise, the allegations in Paragraph 79 are denied.

80.    To the extent Paragraph 80 asserts legal conclusions, no response is required. Otherwise, the allegations in Paragraph 80 are denied.

81.    To the extent Paragraph 81 asserts legal conclusions, no response is required. Otherwise, the allegations in Paragraph 81 are denied.

82.    To the extent Paragraph 82 asserts legal conclusions, no response is required. Otherwise, the allegations in Paragraph 82 are denied.

83.    To the extent Paragraph 83 asserts legal conclusions, no response is required. Otherwise, the allegations in Paragraph 83 are denied.

84.    To the extent Paragraph 84 asserts legal conclusions, no response is required.  To the extent Paragraph 84 purports to summarize or characterize GAAS Standard of Reporting No. 4 or AU § 411, those standards speak for themselves and no response is required. Otherwise, the allegations in Paragraph 84 are denied.

85.    To the extent Paragraph 85 asserts legal conclusions, no response is required. Otherwise, the allegations in Paragraph 85 are denied.

86.    To the extent Paragraph 86 asserts legal conclusions, no response is required. Otherwise, the allegations in Paragraph 86 are denied.

87.     To the extent Paragraph 87 asserts legal conclusions, no response is required. Otherwise, the allegations in Paragraph 87 are denied.

88.     To the extent Paragraph 88 asserts legal conclusions, no response is required. Otherwise, the allegations in Paragraph 88 are denied.

89.     To the extent Paragraph 89 asserts legal conclusions, no response is required. Otherwise, the allegations in Paragraph 89 are denied.

90.     To the extent Paragraph 90 asserts legal conclusions, no response is required. Otherwise, the allegations in Paragraph 90 are denied.

91.     To the extent Paragraph 91 asserts legal conclusions, no response is required. Otherwise, the allegations in Paragraph 91 are denied.

92.     To the extent Paragraph 92 asserts legal conclusions, no response is required. Otherwise, the allegations in Paragraph 92 are denied.

93.     To the extent Paragraph 93 asserts legal conclusions, no response is required. Otherwise, the allegations in Paragraph 93 are denied.

94.     To the extent Paragraph 94 asserts legal conclusions, no response is required. Otherwise, the allegations in Paragraph 94 are denied.

95.     To the extent Paragraph 95 asserts legal conclusions, no response is required. Otherwise, the allegations in Paragraph 95 are denied.

96.     To the extent Paragraph 96 asserts legal conclusions, no response is required. Otherwise, the allegations in Paragraph 96 are denied.

97.     To the extent Paragraph 97 asserts legal conclusions, no response is required. Otherwise, the allegations in Paragraph 97 are denied.

98.     To the extent Paragraph 98 asserts legal conclusions, no response is required. Otherwise, the allegations in Paragraph 98 are denied.

99.     To the extent Paragraph 99 asserts legal conclusions, no response is required. Otherwise, the allegations in Paragraph 99 are denied.

100.    To the extent Paragraph 100 asserts legal conclusions, no response is required. Otherwise, the allegations in Paragraph 100 are denied.

101.    To the extent Paragraph 101 purports to summarize or characterize the contents of the publicly-released "Report on 2003 Limited Inspection of KPMG LLP," that report speaks for itself and no response is required.  Otherwise, the allegations in Paragraph 101 are denied.

102.    To the extent Paragraph 102 purports to summarize or characterize the contents of the "2004 Inspection Report on KPMG audits," that report speaks for itself and no response is required.  Otherwise, the allegations in Paragraph 102 are denied.

103.    To the extent Paragraph 103 asserts legal conclusions, no response is required. To the extent Paragraph 103 purports to summarize or characterize SEC resolutions relating to Gemstar or Xerox, those resolutions speak for themselves and no response is required. Otherwise, the allegations in Paragraph 103 are denied.

104.    To the extent that Paragraph 104 purports to summarize or characterize the contents of a resolution with KPMG, Joseph Boyle and the SEC, that resolution speaks for itself and no response is required.  Otherwise, the allegations in Paragraph 104 are denied.

105.    In response to Paragraph 105, KPMG incorporates by reference its answers to Paragraphs 1 through 104 inclusive.

106.    Paragraph 106 asserts legal conclusions requiring no response. Otherwise, the allegations in Paragraph 106 are denied.

107.     Paragraph 107 asserts legal conclusions requiring no response.  Otherwise, the allegations in Paragraph 107 are denied.

108.     Paragraph 108 asserts legal conclusions requiring no response.  Otherwise, the allegations in Paragraph 108 are denied.

109.     Paragraph 109 asserts legal conclusions requiring no response.  Otherwise, the allegations in Paragraph 109 are denied.

110.     Paragraph 110 asserts legal conclusions requiring no response.  Otherwise, the allegations in Paragraph 110 are denied.

111.     Paragraph 111 asserts legal conclusions requiring no response.  Otherwise, the allegations in Paragraph 111 are denied.

112.     In response to Paragraph 112, KPMG incorporates by reference its answers to Paragraphs 1 through 111 inclusive.

113.     Paragraph 113 asserts legal conclusions requiring no response.  To the extent Paragraph 113 purports to summarize the contents of engagement letters between KPMG and Fannie Mae, those documents speak for themselves and no response is required.  Otherwise, the allegations in Paragraph 113 are denied.

114.     Paragraph 114 asserts legal conclusions requiring no response.  To the extent Paragraph 114 purports to summarize the contents of engagement letters between KPMG and Fannie Mae, those documents speak for themselves and no response is required.  Otherwise, the allegations in Paragraph 114 are denied.

115.     Paragraph 115 asserts legal conclusions requiring no response.  To the extent Paragraph 115 purports to summarize the contents of engagement letters between KPMG and

Fannie Mae, those documents speak for themselves and no response is required. Otherwise, the allegations in Paragraph 115 are denied.

116. The allegations in Paragraph 116 are denied.

117. Paragraph 117 asserts legal conclusions requiring no response. Otherwise, the allegations in Paragraph 117 are denied.

118. Paragraph 118 asserts legal conclusions requiring no response. Otherwise, the allegations in Paragraph 118 are denied.

119. Paragraph 119 asserts legal conclusions requiring no response. Otherwise, the allegations in Paragraph 119 are denied.

120. In response to Paragraph 120, KPMG incorporates by reference its answers to Paragraphs 1 through 119 inclusive.

121. Paragraph 121 asserts legal conclusions requiring no response. To the extent Paragraph 121 purports to summarize the contents of engagement letters between KPMG and Fannie Mae, those documents speak for themselves and no response is required. Otherwise, the allegations in Paragraph 121 are denied.

122. The allegations in Paragraph 122 are denied.

123. Paragraph 123 asserts legal conclusions requiring no response. Otherwise, the allegations in Paragraph 123 are denied.

124. Paragraph 124 asserts legal conclusions requiring no response. Otherwise, the allegations in Paragraph 124 are denied.

125. In response to Paragraph 125, KPMG incorporates by reference its answers to Paragraphs 1 through 124 inclusive.

126.    Paragraph 126 asserts legal conclusions requiring no response.  Otherwise, the allegations in Paragraph 126 are denied.

127.    Paragraph 127 asserts legal conclusions requiring no response.  Otherwise, the allegations in Paragraph 127 are denied.

128.    Paragraph 128 asserts legal conclusions requiring no response.  Otherwise, the allegations in Paragraph 128 are denied.

129.    Paragraph 129 asserts legal conclusions requiring no response.  Otherwise, the allegations in Paragraph 129 are denied.

130.    In response to Paragraph 130, KPMG incorporates by reference its answers to Paragraphs 1 through 129 inclusive.

131.    Paragraph 131 asserts legal conclusions requiring no response.  Otherwise, the allegations in Paragraph 131 are denied.

132.    Paragraph 132 asserts legal conclusions requiring no response.  Otherwise, the allegations in Paragraph 132 are denied.

133.    Paragraph 133 asserts legal conclusions requiring no response.  Otherwise, the allegations in Paragraph 133 are denied.

134.    Paragraph 134 asserts legal conclusions requiring no response.  Otherwise, the allegations in Paragraph 134 are denied.

135.    In response to Paragraph 135, KPMG incorporates by reference its answers to Paragraphs 1 through 134 inclusive.

136.    Paragraph 136 asserts legal conclusions requiring no response.  Otherwise, the allegations in Paragraph 136 are denied.

137.    Paragraph 137 asserts legal conclusions requiring no response.  Otherwise, the allegations in Paragraph 137 are denied.

138.    Paragraph 138 asserts legal conclusions requiring no response.  Otherwise, the allegations in Paragraph 138 are denied.

139.    Paragraph 139 asserts legal conclusions requiring no response.  Otherwise, the allegations in Paragraph 139 are denied.

140.    In response to Paragraph 140, KPMG incorporates by reference its answers to Paragraphs 1 through 139 inclusive.

141.    Paragraph 141 asserts legal conclusions requiring no response.  Otherwise, the allegations in Paragraph 141 are denied.

142.    Paragraph 142 asserts legal conclusions requiring no response.  Otherwise, the allegations in Paragraph 142 are denied.

143.    Paragraph 143 asserts legal conclusions requiring no response.  Otherwise, the allegations in Paragraph 143 are denied.

144.    Paragraph 144 asserts legal conclusions requiring no response.  Otherwise, the allegations in Paragraph 144 are denied.

145.    In response to Paragraph 145, KPMG incorporates by reference its answers to Paragraphs 1 through 144 inclusive.

146.    Paragraph 146 asserts legal conclusions requiring no response.  Otherwise, the allegations in Paragraph 146 are denied.

147.    Paragraph 147 asserts legal conclusions requiring no response.  Otherwise, the allegations in Paragraph 147 are denied.

148.    Paragraph 148 asserts legal conclusions requiring no response.  Otherwise, the allegations in Paragraph 148 are denied.

149.    Paragraph 149 asserts legal conclusions requiring no response.  Otherwise, the allegations in Paragraph 149 are denied.

150.    In response to Paragraph 150, KPMG incorporates by reference its answers to Paragraphs 1 through 149 inclusive.

151.    Paragraph 151 asserts legal conclusions requiring no response.  Otherwise, the allegations in Paragraph 151 are denied.

152.    Paragraph 152 asserts legal conclusions requiring no response.  Otherwise, the allegations in Paragraph 152 are denied.

153.    Paragraph 153 asserts legal conclusions requiring no response.  Otherwise, the allegations in Paragraph 153 are denied.

154.    In response to Paragraph 154, KPMG incorporates by reference its answers to Paragraphs 1 through 153 inclusive.

155.    Paragraph 155 asserts legal conclusions requiring no response.  Otherwise, the allegations in Paragraph 155 are denied.

156.    Paragraph 156 asserts legal conclusions requiring no response.  Otherwise, the allegations in Paragraph 156 are denied.

157.    Paragraph 157 asserts legal conclusions requiring no response.  Otherwise, the allegations in Paragraph 157 are denied.

158.    Paragraph 158 asserts legal conclusions requiring no response.  Otherwise, the allegations in Paragraph 158 are denied.

159.    In response to Paragraph 159, KPMG incorporates by reference its answers to Paragraphs 1 through 158 inclusive.

160.    Paragraph 160 asserts legal conclusions requiring no response.  To the extent Paragraph 160 purports to summarize the contents of engagement letters between KPMG and Fannie Mae, those documents speak for themselves and no response is required.  Otherwise, the allegations in Paragraph 160 are denied.

161.    Paragraph 161 asserts legal conclusions requiring no response.  To the extent Paragraph 161 purports to summarize the contents of engagement letters between KPMG and Fannie Mae, those documents speak for themselves and no response is required.  Otherwise, the allegations in Paragraph 161 are denied.

162.    Paragraph 162 asserts legal conclusions requiring no response.  To the extent Paragraph 162 purports to summarize the contents of engagement letters between KPMG and Fannie Mae, those documents speak for themselves and no response is required.  Otherwise, the allegations in Paragraph 162 are denied.

163.    The allegations in Paragraph 163 are denied.

164.    Paragraph 164 asserts legal conclusions requiring no response.  Otherwise, the allegations in Paragraph 164 are denied.

165.    Paragraph 165 asserts legal conclusions requiring no response.  Otherwise, the allegations in Paragraph 165 are denied.

166.    In response to Paragraph 166, KPMG incorporates by reference its answers to Paragraphs 1 through 165 inclusive.

167.    Paragraph 167 asserts legal conclusions requiring no response is required.  To the extent Paragraph 167 purports to summarize the contents of engagement letters between KPMG

and Fannie Mae, those documents speak for themselves and no response is required.  Otherwise, the allegations in Paragraph 167 are denied.

168.    Paragraph 168 asserts legal conclusions requiring no response.  To the extent Paragraph 168 purports to summarize the contents of engagement letters between KPMG and Fannie Mae, those documents speak for themselves and no response is required.  Otherwise, the allegations in Paragraph 168 are denied.

169.    Paragraph 169 asserts legal conclusions requiring no response.  To the extent Paragraph 169 purports to summarize the contents of engagement letters between KPMG and Fannie Mae, those documents speak for themselves and no response is required.  Otherwise, the allegations in Paragraph 169 are denied.

170.    The allegations in Paragraph 170 are denied.

171.    Paragraph 171 asserts legal conclusions requiring no response.  Otherwise, the allegations in Paragraph 171 are denied.

172.    Paragraph 172 asserts legal conclusions requiring no response.  Otherwise, the allegations in Paragraph 172 are denied.

173.    In response to Paragraph 173, KPMG incorporates by reference its answers to Paragraphs 1 through 172 inclusive.

174.    Paragraph 174 asserts legal conclusions requiring no response.  To the extent Paragraph 174 purports to summarize the contents of engagement letters between KPMG and Fannie Mae, those documents speak for themselves and no response is required.  Otherwise, the allegations in Paragraph 174 are denied.

175.    Paragraph 175 asserts legal conclusions requiring no response.  To the extent Paragraph 175 purports to summarize the contents of engagement letters between KPMG and

Fannie Mae, those documents speak for themselves and no response is required. Otherwise, the allegations in Paragraph 175 are denied.

176.    Paragraph 176 asserts legal conclusions requiring no response. To the extent Paragraph 176 purports to summarize the contents of engagement letters between KPMG and Fannie Mae, those documents speak for themselves and no response is required. Otherwise, the allegations in Paragraph 176 are denied.

177.    The allegations in Paragraph 177 are denied.

178.    Paragraph 178 asserts legal conclusions requiring no response. Otherwise, the allegations in Paragraph 178 are denied.

179.    Paragraph 179 asserts legal conclusions requiring no response. Otherwise, the allegations in Paragraph 179 are denied.

180.    In response to Paragraph 180, KPMG incorporates by reference its answers to Paragraphs 1 through 179 inclusive.

181.    Paragraph 181 asserts legal conclusions requiring no response. To the extent Paragraph 181 purports to summarize the contents of engagement letters between KPMG and Fannie Mae, those documents speak for themselves and no response is required. Otherwise, the allegations in Paragraph 181 are denied.

182.    Paragraph 182 asserts legal conclusions requiring no response. To the extent Paragraph 182 purports to summarize the contents of engagement letters between KPMG and Fannie Mae, those documents speak for themselves and no response is required. Otherwise, the allegations in Paragraph 182 are denied.

183.    Paragraph 183 asserts legal conclusions requiring no response. To the extent Paragraph 183 purports to summarize the contents of engagement letters between KPMG and

Fannie Mae, those documents speak for themselves and no response is required. Otherwise, the allegations in Paragraph 183 are denied.

184.     The allegations in Paragraph 184 are denied.

185.     Paragraph 185 asserts legal conclusions requiring no response. Otherwise, the allegations in Paragraph 185 are denied.

186.     Paragraph 186 asserts legal conclusions requiring no response. Otherwise, the allegations in Paragraph 186 are denied.

187.     In response to Paragraph 187, KPMG incorporates by reference its answers to Paragraphs 1 through 186 inclusive.

188.     Paragraph 188 asserts legal conclusions requiring no response. To the extent Paragraph 188 purports to summarize the contents of engagement letters between KPMG and Fannie Mae, those documents speak for themselves and no response is required. Otherwise, the allegations in Paragraph 188 are denied.

189.     Paragraph 189 asserts legal conclusions requiring no response. To the extent Paragraph 189 purports to summarize the contents of engagement letters between KPMG and Fannie Mae, those documents speak for themselves and no response is required. Otherwise, the allegations in Paragraph 189 are denied.

190.     Paragraph 190 asserts legal conclusions requiring no response is required. To the extent Paragraph 190 purports to summarize the contents of engagement letters between KPMG and Fannie Mae, those documents speak for themselves and no response is required. Otherwise, the allegations in Paragraph 190 are denied.

191.     The allegations in Paragraph 191 are denied.

192.    Paragraph 192 asserts legal conclusions requiring no response.  Otherwise, the allegations in Paragraph 192 are denied.

193.    Paragraph 193 asserts legal conclusions requiring no response.  Otherwise, the allegations in Paragraph 193 are denied.

194.    In response to Paragraph 194, KPMG incorporates by reference its answers to Paragraphs 1 through 193 inclusive.

195.    Paragraph 195 asserts legal conclusions requiring no response.  To the extent Paragraph 195 purports to summarize the contents of engagement letters between KPMG and Fannie Mae, those documents speak for themselves and no response is required.  Otherwise, the allegations in Paragraph 195 are denied.

196.    Paragraph 196 asserts legal conclusions requiring no response.  To the extent Paragraph 196 purports to summarize the contents of engagement letters between KPMG and Fannie Mae, those documents speak for themselves and no response is required.  Otherwise, the allegations in Paragraph 196 are denied.

197.    Paragraph 197 asserts legal conclusions requiring no response.  To the extent Paragraph 197 purports to summarize the contents of engagement letters between KPMG and Fannie Mae, those documents speak for themselves and no response is required.  Otherwise, the allegations in Paragraph 197 are denied.

198.    The allegations in Paragraph 198 are denied.

199.    Paragraph 199 asserts legal conclusions requiring no response.  Otherwise, the allegations in Paragraph 199 are denied.

200.    Paragraph 200 asserts legal conclusions requiring no response.  Otherwise, the allegations in Paragraph 200 are denied.

201.    In response to Paragraph 201, KPMG incorporates by reference its answers to Paragraphs 1 through 200 inclusive.

202.    Paragraph 202 asserts legal conclusions requiring no response.  To the extent Paragraph 202 purports to summarize the contents of engagement letters between KPMG and Fannie Mae, those documents speak for themselves and no response is required.  Otherwise, the allegations in Paragraph 202 are denied.

203.    Paragraph 203 asserts legal conclusions requiring no response.  To the extent Paragraph 203 purports to summarize the contents of engagement letters between KPMG and Fannie Mae, those documents speak for themselves and no response is required.  Otherwise, the allegations in Paragraph 203 are denied.

204.    Paragraph 204 asserts legal conclusions requiring no response.  To the extent Paragraph 204 purports to summarize the contents of engagement letters between KPMG and Fannie Mae, those documents speak for themselves and no response is required.  Otherwise, the allegations in Paragraph 204 are denied.

205.    The allegations in Paragraph 205 are denied.

206.    Paragraph 206 asserts legal conclusions requiring no response.  Otherwise, the allegations in Paragraph 206 are denied.

207.    Paragraph 207 asserts legal conclusions requiring no response.  Otherwise, the allegations in Paragraph 207 are denied.

*** 

## PLAINTIFF'S PRAYER FOR RELIEF

With regard to Fannie Mae's "Prayer for Relief," KPMG denies that Fannie Mae has any basis for judgment against KPMG.

\*\*\*

## AFFIRMATIVE DEFENSES

KPMG asserts the following affirmative and other defenses.  In asserting these defenses, KPMG does not assume the burden of proof with respect to any issue as to which applicable law places the burden of proof upon Fannie Mae.

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

1.    Fannie Mae's claims are barred because the Complaint fails to set forth facts sufficient to state a claim for relief against KPMG.

### SECOND AFFIRMATIVE DEFENSE

### (Negligence and Contributory Negligence)

2.    Fannie Mae's claims are barred, in whole or in part, by the doctrine of contributory negligence.

### THIRD AFFIRMATIVE DEFENSE

### (Recklessness)

3.    Fannie Mae's claims are barred, in whole or in part, by Fannie Mae's recklessness.

### FOURTH AFFIRMATIVE DEFENSE

### (*In Pari Delicto*)

4.    Fannie Mae's claims are barred, in whole or in part, by the doctrine of *in pari delicto*.

### FIFTH AFFIRMATIVE DEFENSE

### (Antecedent Breach of Contract)

5.    Fannie Mae's claims are barred, in whole or in part, because Fannie Mae breached its contracts with KPMG.

### SIXTH AFFIRMATIVE DEFENSE

### (No Reliance)

6.      Fannie Mae's claims are barred, in whole or in part, because Fannie Mae had knowledge of the alleged acts they now claim constitute malpractice and could not have relied and did not rely on KPMG's acts.

### SEVENTH AFFIRMATIVE DEFENSE

### (Reasonable Reliance on Statements of Others)

7.      Fannie Mae's claims are barred, in whole or in part, because KPMG reasonably relied on the statements and representations of others, including Fannie Mae and others, in issuing audit opinions on Fannie Mae's financial statements.

### EIGHTH AFFIRMATIVE DEFENSE

### (Assumption of the Risk)

8.      Fannie Mae's claims are barred, in whole or in part, by the assumption of the risk doctrine.

### NINTH AFFIRMATIVE DEFENSE

### (Fannie Mae's Damages, if any, Attributable to Third Parties)

9.      Fannie Mae's claims are barred, in whole or in part, to the extent any damages suffered by them were proximately caused, in whole or in part, by persons and/or entities other than KPMG, and no legal or factual basis exists for imposing liability upon KPMG for the acts or omissions of any such other persons and/or entities.

### TENTH AFFIRMATIVE DEFENSE

### (Claims Barred by the Statute of Limitations)

10.      Fannie Mae's claims are barred, in whole or in part, by the applicable statute of limitations.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Ratification)

11.    Fannie Mae's claims are barred, in whole or in part, because Fannie Mae ratified KPMG's performance by accepting the benefit of its contracts with KPMG while being aware of the facts alleged in the Complaint.

## TWELFTH AFFIRMATIVE DEFENSE
### (Fraudulent Inducement)

12.    Fannie Mae's claims are barred, in whole or in part, because Fannie Mae fraudulently induced KPMG to enter into audit contracts with Fannie Mae.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Audit Interference)

13.    Fannie Mae's claims are barred, in whole or in part, because Fannie Mae interfered with KPMG's audit procedures and failed to provide accurate and/or complete information to KPMG as requested in the course of the KPMG's audits.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Misrepresentation and Omission by Fannie Mae)

14.    Fannie Mae's claims are barred, in whole or in part, because Fannie Mae misrepresented material information to KPMG and/or failed to provide KPMG with material information.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Failure to Perform Contractual Obligations)

15.    Fannie Mae's claims are barred, in whole or in part, because Fannie Mae failed to perform its contractual obligations under the contracts pled.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (No Causation)

16.     Fannie Mae's claims are barred, in whole or in part, because any losses suffered by Fannie Mae were not caused by KPMG.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Failure to Show Loss Causation)

17.     Fannie Mae's claims are barred, in whole or in part, because the Complaint fails to demonstrate that any alleged act or omission of KPMG caused the loss for which Fannie Mae seeks to recover damages.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Lack of Standing)

18.     Fannie Mae's claims are barred to the extent they lack standing to assert the claims set forth in the Complaint.

## NINETEENTH AFFIRMATIVE DEFENSE

### (No Cognizable Injury or Damage)

19.     Fannie Mae's claims are barred, in whole or in part, to the extent Fannie Mae has not suffered any actual cognizable injury or damage.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Good Faith and Reasonable Care)

20.     Fannie Mae's claims are barred, in whole or in part, because at all times and with respect to all matters contained herein, KPMG acted in good faith, exercised reasonable care, and did not know, and in the exercise of reasonable care could not have known, of the acts alleged in the Complaint.

### TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

21.      Fannie Mae's claims are barred, in whole or in part, to the extent they have failed to mitigate their damages.

### TWENTY-SECOND AFFIRMATIVE DEFENSE
### (Speculative Damages)

22.      Fannie Mae's claims are barred, in whole or in part, because the alleged damages, if any, are impermissibly remote and speculative and because of the impossibility of ascertaining and allocating the alleged damages.

### TWENTY-THIRD AFFIRMATIVE DEFENSE
### (Equitable Doctrines)

23.      Fannie Mae's claims are barred, in whole or in part, by the equitable doctrines of waiver, estoppel, laches, and/or unclean hands.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE
### (Release)

24.      Fannie Mae's claims are barred, in whole or in part, to the extent Fannie Mae has released KPMG from any liability.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE
### (Accord and Satisfaction)

25.      Fannie Mae's claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE
### (Independent Duty)

26.      Fannie Mae had an independent duty to present its financial statements in accordance with GAAP and to ensure that its accounting systems, policies, and procedures were appropriate and effective.

## **TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

### **(Additional Defenses)**

27.    KPMG expressly and specifically reserves the right to amend this Answer to add, delete, and/or modify defenses based upon legal theories, facts, and circumstances that may or will be divulged through discovery and/or further legal analysis of Fannie Mae's position in this litigation.

* * *

Dated: April 10, 2008                Respectfully submitted,


/s/  Andrew S. Tulumello
F. Joseph Warin (D.C. Bar No. 235978)
Scott A. Fink (*admitted pro hac vice*)
Michael F. Flanagan (D.C. Bar No. 435942)
Andrew S. Tulumello (D.C. Bar No. 468351)
Claudia M. Osorio (D.C. Bar No. 477594)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Telephone: (202) 955-8500
Facsimile: (202) 467-0539

*Counsel for KPMG LLP*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I caused electronic copies of KPMG LLP's Answer to Fannie Mae's

Amended Complaint to be transmitted on April 10, 2008, to the following counsel registered to

receive electronic service:

David W. DeBruin
Jerome L. Epstein
Ian Heath Gershengorn
Jenner & Block LLP
601 13th Street, N.W.
Washington, D.C.  20005
*Counsel for Fannie Mae*

J. C. O'Malley
Michael J. Avenatti
Eagan O'Malley & Avenatti, LLP
450 Newport Center Drive, 2nd Floor
Newport Beach, CA 92660
*Counsel for Fannie Mae*

/s/ Claudia M. Osorio
Claudia M. Osorio