# UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA



| | |
|---|---|
| In re Federal National Mortgage Association Securities, Derivative, and "ERISA" Litigation | MDL No. 1668 |
| In re Fannie Mae Securities Litigation | Consolidated Civil Action No. 1:04-cv-01639<br>Judge Richard J. Leon |
| In re Fannie Mae ERISA Litigation | Consolidated Civil Action No. 1:04-cv-01784<br>Judge Richard J. Leon |
| Fannie Mae,<br>            Plaintiff,<br>v.<br>KPMG LLP,<br>            Defendant. | Civil Action No. 1:06-cv-02111<br><br>Judge Richard J. Leon |

## STIPULATED CASE MANAGEMENT ORDER NO. 5

It is hereby stipulated and agreed among the parties, and **IT IS HEREBY ORDERED** by the Court, that the following additional deadlines are hereby set in this case:

1.    <u>Document Production by Parties</u>.  All document production by all parties in response to requests issued to them on or before January 15, 2008, shall be completed by June 15, 2008.

2.    <u>Depositions</u>.  No party shall object to a deposition going forward on the basis that there are documents yet to be produced by the parties (i) after June 15, 2008, for those witnesses who are not involved in a substantial number of documents that were produced by parties after May 15, 2008, and (ii) after July 15, 2008 for all other witnesses.  Parties may reopen a deposition only with the agreement of all parties or leave of Court for good cause shown.  After June 15, 2008, parties may object to a deposition going forward only where there is a reasonable

likelihood that documents that have yet to be produced by non-parties will be relevant to the deposition.

3.    <u>Document Subpoenas to Non-Parties.</u> All document subpoenas to non-parties pursuant to Rule 45 of the Federal Rules of Civil Procedure that are desired by any parties in any of the above-referenced cases shall be issued by such parties as promptly as possible, but in any event no later than June 30, 2008. Any party who issues a subpoena to non-party will use its best efforts to promptly resolve any production or privilege disputes with such non-party. A party may subpoena documents from a non-party after June 30, 2008, only (i) with the agreement of all parties, or (ii) with Court order for good cause shown or (iii) to a witness who was first identified as a deponent pursuant to the Amended Deposition and Expert Discovery Protocol after June 15, 2008. There is a presumption that good cause will not be shown if the applicable non-party was (i) identified in the September 2004 or May 2006 Fannie Mae investigative reports issued by OFHEO or the February 2006 Paul Weiss Report of its internal investigation, or (ii) identified by any party in any interrogatory responses served or documents produced by April 30, 2008.

4.    <u>Motions to Compel on Scope/Objections.</u> All parties shall file any motions to compel concerning the scope of productions in response to their requests or objections to the requests issued by them by August 31, 2008.

5.    <u>Privilege Logs.</u> All parties shall provide any privilege logs they have not yet provided in response to any document requests by July 15, 2008. Any motions with respect to those privilege logs shall be filed by August 15, 2008.

6.    <u>Fact Discovery Deadlines.</u> Factual discovery shall be completed in all actions by February 14, 2009. If any OFHEO document production issues in response to subpoenas issued by Individual Defendants or KPMG are not resolved by February 14, 2009, depositions affected

2

by those documents still in dispute shall be completed as promptly as possible after those issues are resolved. Any party may request one extension of the fact discovery deadline to March 15, 2009 for good cause shown by filing the request with the Court by February 1, 2009.

7.    Expert Reports.  If the discovery deadline remains February 14, 2009, disclosure of the identity of expert witnesses, including a brief summary of the subject matter of expert opinion, under Rule 26(a)(2)(A) shall be made by the parties in the above-referenced actions as follows:

(a) On or before February 28, 2009 with respect to initial experts.

(b) On or before March 28, 2009 with respect to rebuttal experts.

If the discovery deadline is extended until March 15, 2009, disclosure of the identity of expert witnesses, including a brief summary of the subject matter of expert opinion, under Rule 26(a)(2)(A) shall be made by the parties in the above-referenced actions as follows:

(c) On or before March 29, 2009 with respect to initial experts.

(d) On or before April 29, 2009 with respect to rebuttal experts.

8.    Expert Discovery and Dispositive Motions.  By March 30, 2009, the parties shall submit to the Court a proposed case management order setting the deadlines for service of expert reports, the depositions of expert witnesses and a briefing schedule for dispositive motions.

9.    Derivative Actions.  Because a final decision has not yet been made as to the viability of any of the claims in the shareholder derivative actions, the parties to those actions reserve the right to seek appropriate relief from the foregoing case management deadlines based upon subsequent orders entered in those cases or for other good cause shown.

Dated: April 7, 2008

_____
Judge Richard J. Leon
United States District Judge

32450

3