# UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

**FILED**

**JUN 0 3 2008**

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| **In re Federal National Mortgage Association Securities, Derivative, and "ERISA" Litigation** | **MDL No. 1668** |
| **In re Fannie Mae Securities Litigation** | **Consolidated Civil Action No. 1:04-cv-01639** <br> **Judge Richard J. Leon** |
| **Fannie Mae v. KPMG** | **Civil Action No. 1:06-cv-02111** <br> **Judge Richard J. Leon** |
| **In re Fannie Mae ERISA Litigation** | **Consolidated Civil Action No. 1:04-cv-01784** <br> **Judge Richard J. Leon** |
| **Kellmer v. Raines, et al.** | **Civil Action No. 1:07-cv-01173** <br> **Judge Richard J. Leon** |
| **Middleton v. Raines, et al.** | **Civil Action No. 1:07-cv-01221** <br> **Judge Richard J. Leon** |

## [PROPOSED] AMENDED ORDER ESTABLISHING EXPERT DISCOVERY AND DEPOSITION PROTOCOL

Subject to the approval of the Court, the parties to the above-captioned coordinated actions hereby stipulate to the following Amended Order Establishing Expert Discovery and Deposition Protocol ("Protocol"):

This Protocol shall govern all expert discovery and oral depositions of fact witnesses in the above-captioned coordinated actions, except as may be specifically provided herein. This Protocol will govern all consolidated or coordinated parties and all parties subsequently added to these actions.

## I.     EXPERT DISCOVERY

1.     Purpose. The purpose of this Section I is to modify the provisions of Federal Rule of Civil Procedure 26(a)(2)(B) with respect to required disclosures concerning testifying experts and to limit the scope of documents concerning such experts that will be subject to discovery in the above-captioned coordinated actions.

2.     Expert Reports. With respect to any person or entity whom a party will or may call as a witness at trial in any of the actions to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence (an "Expert"), at the time set forth in any applicable case management order issued by the Court, the party shall produce to all other parties in the applicable action the following documents: (i) a complete statement of all opinions to be expressed by the Expert and the basis and reasons therefore (the "Expert Report"); (ii) all data and other information on which the Expert relied in forming the opinions reflected in the Expert Report (to the extent such exhibits exist at the time the Expert Report is produced); (iii) any exhibits to be used as a summary of or support for the opinions reflected in the Expert Report (to the extent such exhibits exist at the time the Expert Report is produced); (iv) a complete statement of the qualifications of the Expert, including a list of all publications authored by the Expert within the preceding ten years; (v) a complete statement of the compensation paid or to be paid to the Expert by the party

2

sponsoring that Expert in connection with the Expert's work in the applicable action; and (vi) a listing of any other cases in litigation, or any administrative proceeding, in which the Expert has served an Expert Report, or has testified as an expert at trial or by deposition, within the preceding four years.

3.    <u>Public Information</u>.    With respect to Paragraph 2(ii) above ("data and other information on which the Expert relied in forming the opinions reflected in the Expert Report"), the parties need not produce copies of treatises or other readily accessible public source materials identified in their Experts' Reports, and, in lieu of reproducing documents previously produced in these actions or depositions previously taken in the actions, the parties may identify such documents by Bates numbers and depositions by witness name and date.

4.    <u>Limitations on Expert Discovery</u>.    Notwithstanding anything to the contrary in Federal Rule of Civil Procedure 26(a)(2)(B) or case law, no documents concerning Experts other than those described above in Paragraph 2 shall be subject to discovery in the actions nor shall they be the subject of deposition testimony in the actions, including but not limited to drafts of Expert Reports and documents constituting or reflecting communications between an Expert and counsel to a party.

## II.    LENGTH, NUMBER AND TIME PERIOD OF DEPOSITIONS

Due to the complexities of these coordinated actions, Federal Rules of Civil Procedure 30(a)(2)(A), 30(b)(1), and 30(d)(2) shall be modified to allow additional depositions as follows.

5.    Depositions.

(a)    Number of Depositions.  In an effort to ensure that depositions are conducted effectively and efficiently, the parties agree to only request the depositions of witnesses who they reasonably and in good faith believe have information that is material and relevant to the prosecution or defense of the above-captioned cases and to be reasonable in the number of depositions they request.  The parties agree to revisit this provision in the next 90 days if any party believes another party is requesting too many depositions or depositions that are not reasonably necessary for the prosecution/defense of any of these consolidated actions.

(b)    Priority of Depositions.  Priority in the scheduling of depositions shall be given to the witnesses whose previously scheduled depositions were postponed.  Priority in the scheduling of depositions, where practical, shall generally be given to the witnesses requested for deposition by multiple parties (where "priority in scheduling" is only necessary or applicable in the event of an actual conflict).  A party may seek to schedule the deposition of a witness who was not requested for deposition by multiple parties, but in no event shall any party schedule more than ten (10) such witnesses within the ninety day period following the entry of this order.  For purposes of the limitation imposed in the previous sentence, Defendants Franklin Raines, J. Timothy Howard, and Leanne Spencer agree to an aggregate limit of ten (10) witnesseses.

(c)    Deposition Requests.  Any new fact deposition requests that have not already been identified to the Joint Scheduling Committee as of the date of the entry hereof, shall be identified to the Joint Scheduling Committee in writing on or before June 30, 2008.  Thereafter, each party shall promptly notify the Joint Scheduling Committee of any additions or deletions to their

4

witness list as they become aware of such changes.    At the time witness lists for trial are exchanged, the parties shall discuss a protocol for a brief period of depositions for any trial witness who was not previously deposed.

(d)    Derivative Actions.    Because a final decision has not yet been entered as to the viability of the claims in any of the shareholder derivative actions, all parties acknowledge that they shall revisit any limitations on the number of depositions and the identification of witnesses provided in this section for the Director Defendants in the event that any of the derivative actions is allowed to proceed (including as the result of a remand by the U.S. Court of Appeals for the D.C. Circuit and/or the denial of defendants' motions to dismiss).

6.    Two-Day Depositions.    The parties agree to use good faith efforts to complete as many depositions as possible in one day and no party will unreasonably withhold consent to two-day depositions where circumstances warrant such time.    Generally, unless the parties otherwise agree, any deposition requested by only one party shall be a one-day deposition, and any deposition requested by three or more parties shall be a two-day deposition.  For purposes of this Paragraph, one day means eight hours of testimony on the record.  Without the consent of the parties or Court order for good cause shown, no witness shall be deposed for more than two (2) days.  Absent agreement of all parties, medical restrictions of witnesses or Court order for good cause shown, depositions that are scheduled for two days shall take place on sequential days. Nothing in this Protocol prevents counsel for a witness or any party from seeking the parties' agreement or relief from the Court for good cause shown as to the length of any witness's deposition.

7.    <u>Days Reserved for Depositions</u>.  Depositions governed by this Protocol will proceed Monday through Thursday, except for days on which depositions are not permitted pursuant to Paragraph 21 of this Protocol and the next sentence of this Paragraph.  Except by agreement of the parties, if more than 16 deposition days are scheduled in any consecutive four week period, no depositions will be scheduled for the fifth week thereafter, which may be used to complete depositions already begun, if necessary.  The parties agree to consider in good faith any requested exceptions to this limitation for good cause shown.  Counsel for the parties shall use their best efforts to make themselves available for depositions on the Mondays through Thursdays reserved for depositions in this Paragraph.  Except by mutual agreement of all the parties or upon Court order for good cause shown, no witness deposed pursuant to this Protocol shall be deposed more than once.

8.    <u>Examination Time</u>.

(a)    The parties shall work in good faith to allocate among them the examination time for all witnesses.  The parties generally agree that the party or parties requesting a deposition shall receive a majority of the questioning time in that deposition and any party who did not request the deposition shall generally not take more than one hour of questioning time.  To the extent that the parties cannot reach agreement on the allocation of examination time for any witness, any party may seek relief from the Court.  Upon request, counsel for the witness shall be allocated up to 30 minutes of examination time for questioning the witness.  The parties shall work in good faith to agree to the allocation of questioning time in advance of any deposition to avoid situations where the number of hours requested exceeds the number of hours available for questioning.  The parties

Case 1:04-cv-01784-RJL

shall work in good faith to avoid the necessity of court intervention in the allocation of questioning time in depositions.

(b)    In the interest of efficiency, derivative plaintiffs Middleton and Kellmer shall be allowed to attend depositions taken pursuant to this Protocol. Lead Plaintiffs shall have the sole discretion to allocate Plaintiffs' deposition questioning time. If Plaintiffs cannot reach agreement on time allocation, Lead Plaintiffs' time allocation shall be deemed presumptive unless otherwise altered by order of the Court for good cause shown. The parties agree to revisit this provision in the event that either of the Middleton or Kellmer derivative cases survives all motions to dismiss those actions.

(c)    To the extent the time period for depositions of fact witnesses in these coordinated actions is adjusted by stipulation or by Court order, the parties agree that this Protocol shall be deemed amended in accord with that adjusted time period.

9.    <u>Expert Witnesses</u>. Expert witness depositions are not subject to this Protocol. The parties agree to work in good faith to stipulate to an order concerning expert witness depositions no later than thirty (30) days before such depositions are to commence.

10.    <u>Medical Conditions</u>. If a witness has a documented medical condition that affects his or her ability to testify for 8 consecutive hours, the parties agree to work in good faith to accommodate an alternate schedule for that witness.

## III.    NOTICING AND SCHEDULING OF DEPOSITIONS

11.    <u>Deposition Notices</u>. All pending deposition notices or subpoenas served prior to this Protocol's entry by the Court shall be governed by this Protocol in all respects.

7

12.    <u>Same Day Depositions</u>.  Unless the parties agree otherwise, there will be no more than (i) two depositions scheduled on any single day,  (ii) one multi-day deposition scheduled on any single day, and (iii) two depositions of deponents represented by the same law firm on any single day, absent consent from such firm.

13.    <u>Joint Scheduling Committee</u>.  The parties will create a Joint Scheduling Committee of five (5) members to oversee the selection and scheduling of witnesses for the parties.  The Joint Scheduling Committee will consist of:  lead counsel for Lead plaintiffs (representing all plaintiffs); counsel for Fannie Mae; counsel for one of the director defendants (representing all of the director defendants); counsel for KPMG; and counsel for Franklin D. Raines, J. Timothy Howard, and Leanne Spencer.  The Joint Scheduling Committee shall confer in good faith to schedule all depositions noticed by any party.  A copy of all deposition notices issued and deposition subpoenas served on any witness shall be provided to each member of the Joint Scheduling Committee.  In scheduling depositions, the Scheduling Committee will consider the availability of witnesses and their counsel, and will endeavor to schedule depositions on dates that are mutually convenient for the parties, the witnesses, and their counsel.  Joint Scheduling Committee members will respond to a deposition date request within 72 hours (excluding Saturdays and Sundays) or waive the right to object to the deposition date requested.  Nothing in this Protocol prevents counsel for any witness from seeking a protective order from the Court with respect to the proposed scheduling of any deposition.

14.    <u>Order of Examination</u>.  The parties agree to coordinate the order of the questioning of each witness.  Where a witness's deposition is noticed only by one party, that party shall begin

Case 1:04-cv-01784-RJL    ᒥ

questioning the witness and the other parties shall coordinate the subsequent ordering of the questioning prior to the deposition. Unless otherwise agreed by plaintiffs, when a witness's deposition has been noticed by multiple parties, one of whom is a plaintiff, the plaintiffs shall begin questioning the witness and the other parties shall coordinate the subsequent ordering of the questioning prior to the beginning of the deposition. Otherwise, where a deposition has been noticed by more than one party, the parties shall work in good faith to determine which side shall begin the questioning. The parties will use good faith efforts not to duplicate questions of witnesses asked by other parties. The parties shall work in good faith to avoid the necessity of court intervention in the order of examination of witnesses.

15.    <u>Location of Depositions</u>. The Committee will work in good faith to determine the location of the depositions.  To the extent practicable, the parties agree to schedule the depositions in either the District of Columbia, New York City, or in locations convenient to the witnesses, in order to minimize the costs and expense associated with the depositions.

16.    <u>Master Deposition Schedule</u>. A Master Deposition Schedule shall be updated by appointed representative(s) of the Joint Scheduling Committee with all changes made as soon as practicable and distributed to all members of the Joint Scheduling Committee. The Master Deposition Schedule shall set forth each deponent's name, affiliation, location of and agreed upon number of days of the deposition, the party or parties who noticed or subpoenaed the deposition, and the initial examiner (by party, not counsel). A party may not reschedule a deposition except by agreement of all parties or upon leave of Court for good cause shown.

9

## IV.    CONDUCT OF DEPOSITIONS

17.    <u>Deposition Times</u>.  Unless otherwise agreed by the parties in advance, or by the counsel present at the deposition, depositions shall be held from 10:00 a.m. to 7:00 p.m. on Monday for up to eight hours of examination on the record, with a one-hour lunch break, a brief morning break and a brief afternoon break.  Unless otherwise agreed by the parties in advance, or by the counsel present at the deposition, depositions shall be held from 9:00 a.m. to 6:00 p.m. on Tuesday through Thursday for up to eight hours on the record, with a one-hour lunch break, a brief morning break, and two brief afternoon breaks.  Where necessary to avoid returning on a subsequent day, the parties and the deponent shall attempt to complete the deposition by extending its adjournment for up to one hour, or longer upon agreement.

18.    <u>Days Where No Depositions</u>.  No depositions may be scheduled on the day of a status conference with the Court in any of these coordinated actions or on the day of or the day before any evidentiary hearing or hearing with oral argument before the Court in any of these coordinated actions.   No depositions may be scheduled on any of the following national or religious holidays: Rosh Hashanah (2 days), Yom Kippur (2 days), Columbus Day, Veterans' Day, Thanksgiving (Thursday and Friday), the two-week period beginning on the Monday before Christmas, Martin Luther King's Birthday, Presidents' Day, Good Friday, Easter Monday and Passover (2 days), Memorial Day, Independence Day, and Labor Day.

19.    <u>Objections</u>.  The magnitude and complexity of this litigation require that all parties use every effort to adhere to the established rules of evidence and civil procedure.  The objection of one counsel to a question will preserve that objection on behalf of all other counsel and

10

Case 1:04-cv-01784-RJL    Docι

therefore counsel shall avoid repeating objections. Any objection to the form of a question shall also be deemed to have been made on behalf of all other parties and on all grounds for a form objection and therefore counsel shall avoid repeating objections.

20.    Instructions Not to Answer.  Counsel shall not instruct witnesses not to answer questions, except on privilege grounds.  There will be no conferences between deponents and counsel when a question is pending except for the purpose of determining whether a claim of privilege should be asserted.

21.    Protective Order.  Nothing in this Protocol shall preclude counsel from seeking a protective order from the Court where counsel has a reasonable, good faith belief that a witness is being questioned on wholly irrelevant matters or in an otherwise abusive manner.  In that event, counsel shall cooperate in deferring answers to those questions until later in the deposition to permit counsel to contact the Court.

22.    Court Reporter.  The parties shall confer in good faith to select one or more court-reporting firms that will record and, where requested, videotape, the depositions taken under this Protocol.  The court-reporting service(s) shall record all conference calls with the Court that occur during any deposition as part of that day's deposition transcript.  All depositions will have teleconference capability so counsel may attend by phone, and real time access.  The court reporting service shall maintain a total running tally of each party's questioning time to record how much time is taken in each deposition by each party.

23.    Attendees.  For planning purposes and to expedite building access, no fewer than four (4) business days before a deposition, counsel intending to attend the deposition in person shall

notify all counsel in writing of the anticipated attendee(s) on behalf of each party. Counsel who fail to notify the parties of their attendance in advance may nevertheless attend the deposition.

24. <u>Privileges.</u> The parties will exercise good faith in notifying other counsel reasonably in advance of a deposition (but no later than five business days in advance, when possible) if counsel becomes aware or has reason to believe that the witness intends to assert a privilege not to testify (including a Fifth Amendment privilege) or to decline to testify for any reason.

## V.    PRE-DESIGNATION AND NUMBERING OF DEPOSITION EXHIBITS

25. No later than four business days before a deposition, examining parties may give notice to all parties of the exhibits that they anticipate using or referring to during the deposition. If such notice is given, the examining party shall bring three copies of all such exhibits to the deposition. Examining parties who do not predesignate exhibits shall bring to each deposition twenty (20) copies of all exhibits they anticipate using or referring to during the deposition.

26. Each exhibit marked for identification at a deposition shall be numbered with a new exhibit number and shall be numbered sequentially as to each witness (*e.g.*, Smith 1-100; Jones 1-100).

27. The index of exhibits annexed to each deposition transcript will contain the document production number, the number for each exhibit marked for identification at the deposition, and each exhibit referred to in the deposition.

## VI.    CONFIDENTIALITY

28. Unless otherwise agreed to by all parties, all transcripts of depositions and all exhibits to the transcripts of depositions taken under this Protocol shall be treated as Confidential in

accordance with the terms of the Amended Stipulated Protective Order ("Protective Order") governing these coordinated actions. Notwithstanding this provision, to the extent that parties wish to utilize transcripts of depositions or exhibits in connection with Court filings, the parties agree to work together in good faith to minimize the number of Court filings required to be made under seal, consistent with paragraph 13 of the Protective Order. The parties agree that the transcripts of depositions of stock analysts are not to be treated as confidential under this protocol.

## VII.    REMOTE ACCESS PROTOCOL

29.    All counsel, both attending in person and by remote access, shall identify themselves and whom they represent for the record at the outset of each deposition. Only those present in person shall be permitted to question the deponent. In the rare event that counsel participating by remote access believes that an objection not already made must be made on the record, such counsel shall identify themselves and the party represented, and state the objection precisely.

## VIII.  STIPULATION

30.    The following stipulation will apply to all depositions taken under this Protocol and shall be included in each transcript by the court reporter:

> Upon completion of the transcription of today's session, the original transcript shall be sent to counsel for the witness by the court reporter. Counsel shall promptly forward it to the witness for review, correction, and signature under penalty of perjury. The witness shall have 30 days from the day of receipt within which to review, make any correction, sign the deposition transcript under penalty of perjury, and return it to counsel. The witness's counsel shall then forward the original transcript plus corrections to the court reporter, who will promptly notify all counsel of its receipt and any changes to testimony made by the witness.

If the witness is not represented by counsel, the original transcript will be sent to the witness by the court reporter. After review, correction, and signature within 30 days from the date of receipt, the witness shall return the original transcript to the court reporter, who will notify all counsel of its receipt and any changes to testimony by the witness.

The court reporter will deposit the original transcript in an agreed document depository. If, for any reason, the original is lost, misplaced, not returned, not signed, or unavailable, a certified copy may be used in its place for all purposes. The court reporter is otherwise relieved of any statutory duties.

## IX.     DISPUTES AND AMENDMENTS

31.     <u>Jurisdiction</u>.   The parties request that the Court resolve all disputes concerning discovery under this Protocol.

32.     <u>Amendment</u>. This Protocol may be modified by the unanimous written agreement of all the parties or by Court order for good cause shown. The parties agree that they have entered into this protocol on a trial basis and expressly reserve their rights to revisit all provisions contained herein 90 days after the entry of this order.


**IT IS HEREBY ORDERED.**

Dated: June 2nd 2008

Judge Richard J. Leon
United States District Court Judge

14